357 So.2d 1288 (1978)
Sharon Janell Francis WEBB, Plaintiff-Appellant,
v.
Billy Lee WEBB, Defendant-Appellee.
No. 6409.
Court of Appeal of Louisiana, Third Circuit.
April 11, 1978.
*1289 J. P. Mauffray, Jr., Jena, for plaintiff-appellant.
Elodie K. Parker, Jena, Gaharan & Wilson (Joseph Wilson, Jena), for defendant-appellee.
Before CULPEPPER, DOMENGEAUX, and CUTRER, JJ.
DOMENGEAUX, Judge.
Appellant, Sharon Janell Francis Webb, filed a petition for a separation from bed and board from her husband, Billy Lee Webb, on February 5, 1975, in the District Court of LaSalle Parish. Mr. Webb filed an answer in the proceedings and was represented by counsel of his choice, Elodie K. Parker. On May 27, 1975, judgment granting the separation was rendered. Custody of the two minor children of the marriage, Richard Todd and Shelia Delynn, was awarded to the mother, and the father was ordered to pay $100.00 per month as child support.
On January 19, 1977, the wife filed for a final divorce, child custody, and child support of $100.00 per month, alleging that there was no reconciliation since the judgment of separation, and further alleging that the spouses had lived separate and apart since July 31, 1974, a period in excess of two years. Service was made upon the husband's counsel of record, Mrs. Parker.
Mrs. Parker filed the exceptions of lack of personal jurisdiction, claiming that the husband had moved to Texas, and insufficiency of the service of process, claiming that she was no longer the husband's attorney. The trial court sustained these exceptions, whereupon plaintiff moved to have an attorney appointed to represent the defendant for the limited purposes of litigating issues dealing with marital status and custody and not to issues dealing with child support arrearages or continuing support.
Judgment granting the wife's divorce and child custody was rendered on September 30, 1977. The wife has perfected this appeal contending that the trial court erroneously sustained the exceptions dealing with personal jurisdiction over the defendant and insufficiency of service of process upon his counsel of record.
The issues presented on appeal are: (1) Whether defendant could be served through his counsel of record, Mrs. Parker; and (2) Whether the court had continuing jurisdiction over the husband in order to continue child support and award arrearages.

I.
The bulk of the argument on appeal centers around the question of whether Mrs. Parker, defendant's counsel of record in the separation proceeding, was the proper party to serve in the subsequent divorce proceeding. We find the case of Imperial v. Hardy, 302 So.2d 5 (La.1974) controlling on this point.
*1290 In Imperial, a husband and wife obtained a divorce in Michigan. Custody of the children of the marriage and child support were granted to the wife by the Michigan court. Subsequently, the former husband filed a petition in the Michigan court to reduce alimony payments. The Michigan court found the husband in arrears in the child support payments and awarded the arrearages, in addition to increasing the child support payments. The former wife, in the meantime, established a Louisiana domicile with the children. After the domicile was established, the former husband filed suit in Louisiana for enforcement of his visitation rights. The wife reconvened for arrearages and continuation of child support. The Louisiana Court rendered judgment granting the wife custody, ordering child support payments, and making the Michigan award for arrearages executory. The husband complied with the Louisiana decree. On two occasions thereafter the former husband filed rules to enforce his visitation rights. No action was taken on these proceedings for several years until, on the wife's motion, the court ordered the husband to show cause why past due child support payments should not be made executory. At the same time, the wife filed another motion in order to obtain an increase in child support payments. These last two motions were served upon the husband's counsel of record, who thereupon moved to withdraw as attorney. The former husband, through new counsel, excepted to the jurisdiction over his person and to the validity of the service of process on his former counsel.
With regard to service of process, the Supreme Court stated:
"Sufficiency of the service of process on the husband's counsel of record depends on whether the court has jurisdiction over the person of the husband. If the court does have jurisdiction, the service here was proper under Articles 1312, 1313 and 1314 of the Code of Civil Procedure which permits the service of every pleading subsequent to the original petition by delivering a copy thereof to the adverse party, or to his counsel of record." [Citations omitted]
We feel, as did the Supreme Court in Imperial, that if the court had jurisdiction over the defendant, service upon his counsel of record was proper. We therefore move to the jurisdictional question.

II.
In general, jurisdiction is defined as "the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled." La.C.C.P. Art. 1. It has long been established that in order for a court to render a judgment of separation, divorce, or custody, it is necessary that there be jurisdiction over the status. La.C.C.P. Art. 10. It is equally established that in order for a court to render an award of alimony for a wife or a child, it is necessary that there be jurisdiction over the person from whom alimony is due, usually the father and former husband, because this involves a monetary judgment. Imperial v. Hardy, supra; de Lavergne v. de Lavergne, 244 So.2d 698 (La.App. 4th Cir. 1971), writ refused, 258 La. 357, 246 So.2d 680 (1971).
In the present controversy no issue is raised concerning jurisdiction over the status and, therefore, the validity of the divorce and the award of custody to the mother is not questioned. The argument centers around the personal jurisdiction of the court over the husband. We find that the court has personal jurisdiction.
It is basic law that once the jurisdiction of a court attaches in a controversy, jurisdiction is maintained throughout the proceedings and cannot be defeated by removal of the person beyond the jurisdiction of the court. As the Supreme Court stated in Imperial v. Hardy, supra:
"When a judicial proceeding is begun with jurisdiction over the person of the party concerned it is within the power of the State to bind him by every subsequent order in the cause. Mr. Justice Holmes called this rule `one of the decencies of civilization that no one would dispute.' *1291 Michigan Trust v. Ferry, 228 U.S. 346, 33 S.Ct. 550, 57 L.Ed. 867 (1912). It would be intolerable if an action once properly begun could not proceed without the continued existence of the original basis for jurisdiction. Under such a rule a litigant who had availed himself of the court's jurisdiction at the inception of the case could avoid the entry of judgment against him by the simple expedient of withdrawing from the State." [Citation omitted]
It is on this basis that Louisiana courts have recognized the concept of continuing jurisdiction in child support and alimony matters where an increase or modification of the award is desired against the nonresident defendant. Under this theory, a court having jurisdiction to grant such an award retains jurisdiction over the nonresident defendant to modify the award or to enter an award for arrearages. E. g., Imperial v. Hardy, supra; Heaton v. Garvin, 314 So.2d 363 (La.App. 3rd Cir. 1975); Anthony v. Anthony, 288 So.2d 694 (La.App. 4th Cir. 1974); Dupre v. Guillory, 216 So.2d 327 (La.App. 3rd Cir. 1968).
In the instant case, there is no question that the defendant was subject to the jurisdiction of the court at the time the separation and child support awards were granted. The husband was apparently a Louisiana domiciliary at the time and, in any event, he filed an answer in the proceedings through counsel of his choice. There is no doubt, therefore, that the District Court has the power to award arrearages from the original child support decree. The difficulty arises with regard to the power of the District Court to award a continuation of child support.
It can be argued that since child support payments and alimony pendente lite ceases upon the rendering of the final divorce decree, the court, even though having jurisdiction for arrearages, does not have jurisdiction for an award of continuing child support. E. g., George v. George, 347 So.2d 927 (La.App. 3rd Cir. 1977); Mertens v. Mertens, 308 So.2d 506 (La.App. 3rd Cir. 1975), writ denied 313 So.2d 240 (La.1975); Kennedy v. Kennedy, 261 So.2d 657 (La.App. 4th Cir. 1972); White v. Morris, 236 La. 767, 109 So.2d 87 (1959); Thornton v. Floyd, 229 La. 237, 85 So.2d 499 (1956). In other words, separation and divorce are separate and distinct actions, thus a court having in personam jurisdiction to render child support in a separation suit may not have jurisdiction for such an award in a divorce proceeding.
We do not feel, however, that this argument is valid. It seems theoretically inconsistent to say that a court with the power to render an award for arrearages under a theory of continuing jurisdiction, does not have the power to award continuing child support in the same suit. Our research has revealed the recent case of DeFatta v. DeFatta, 352 So.2d 287 (La.App. 2nd Cir. 1977) which is almost indistinguishable from the present action. Although the case is only persuasive authority to us, we agree with the rationale used by our brothers in the Second Circuit.
In DeFatta, a suit for separation was filed in January of 1976. Both parties were in the jurisdiction of the court and the separation was granted. There were two sons and a daughter of the marriage. Although there was no formal custody decree, the sons lived with the father and the daughter lived with the mother. A formal determination of custody was deferred until the judgment of divorce. The separation judgment provided for child support of $150.00 per month for the daughter as long as she resided with the mother. Subsequently, the husband was transferred to Houston, Texas, and the sons returned to live with their mother. In February of 1977, a rule was brought by the wife in order to receive child support for the sons and to increase child support for the daughter. An attorney was appointed to represent the defendant, his original counsel of record having withdrawn. Child support for the sons was denied, there having been no judgment awarding custody to the mother; child support for the daughter was increased to $200.00 per month.
*1292 Later in February of 1977, another rule was brought by the wife in order to obtain legal custody of the three minor children, child support, and alimony for the wife. The court appointed attorney excepted to the personal jurisdiction of the defendant. Custody was awarded, but child support was denied, the court sustaining the exception of lack of personal jurisdiction.
In March of 1977 suit for final divorce, custody, alimony for the wife, and child support was filed and served upon defendant's appointed counsel. The attorney again excepted to the personal jurisdiction of the court. The court granted the judgment awarding divorce and custody, but the exception to personal jurisdiction was sustained. Consequently, alimony and child support were not granted. The wife appealed.
The Second Circuit found that once the court had personal jurisdiction over the defendant during the separation proceedings, it continued to have jurisdiction over him for every subsequent order in the cause. It then pointed out that although separation and divorce are distinct causes of action, a proceeding for separation under C.C. Art. 138 and a divorce based on the separation under C.C. Art. 139 and La.R.S. 9:302, is essentially one continuous cause or proceeding. Furthermore, under the Civil Code and the cases, alimony pendente lite is alimony pending litigation until a judgment of divorce is obtained, which illustrates the continuing nature of the action. Further illustration is found in the fact that a judgment of separation is abated and merged into the judgment of divorce. If separation and divorce were distinct actions, judgment in one would not necessarily affect judgment in the other.
With regard to child support specifically, the obligation of a parent to support the child under C.C. Arts. 227 and 229 is the same obligation, regardless of whether it is enforced in the separation suit or in the divorce action. The issues and causes of action are the same. We feel, as does the Second Circuit, that the state's interest in continuing jurisdiction in child support matters is strong.[1] Therefore, if the obligation of parental support is enforced by a court having personal jurisdiction over the parent, that court has jurisdiction to continue to enforce that obligation. We thus hold that when a judgment of separation and child support is awarded by a court with personal jurisdiction over the defendant, jurisdiction continues in a subsequent divorce proceeding to reinstate or modify the award for child support.
For the above reasons the judgment of the District Court awarding a final divorce and custody of the three minor children of the marriage to the mother is affirmed. The judgment sustaining defendant's exception of lack of personal jurisdiction and insufficiency of service of process is reversed and the case is remanded for the purposes of determining the amount of child support and arrearages due.
All costs at trial and on appeal are assessed against defendant-appellee. Costs on remand are to await the outcome of the litigation.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
NOTES
[1] We note that the legislature has responded to this public policy consideration by amending the Louisiana "Long-Arm" Statute, La.R.S. 13:3201 by Act 734 of the 1977 Regular Session. The statute now provides that a court may exercise personal jurisdiction over a nonresident as to a cause of action arising from the nonresident's "non-support of a child or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state."