363 So.2d 724 (1978)
Virginia Star Lombardi MILLER, Defendant-Appellant,
v.
Walter Scott MILLER, Plaintiff-Appellee.
No. 13637.
Court of Appeal of Louisiana, Second Circuit.
September 25, 1978.
Booth, Lockard, Jack, Pleasant & Lesage by H. F. Sockrider, Jr., Shreveport, for defendant-appellant.
Love, Rigby, Dehan, Love & McDaniel by Hani E. Dehan, Shreveport, for plaintiff-appellee.
Before PRICE, HALL and JONES, JJ.
PRICE, Judge.
This is an appeal by the divorced mother of three children from a judgment changing their custody to the father and terminating the previous judgment for child support.
The parties were residents of Shreveport at the time a judgment was rendered awarding appellant pendente lite custody and child support during the pendency of their reciprocal demands for a legal separation. After a separation judgment was rendered in November 1975, appellant, in July 1976, moved with the three children to Portland, Oregon, and later to the state of Washington. During the summer of 1977, *725 appellee learned that appellant and the children were living with a man to whom she was not married in tents in a wilderness area known as Lopez Island, Washington. Appellee, who continued to reside in Shreveport, went to Washington and verified the conditions under which appellant was living and made demands upon her to either marry the man with whom she was living or to let him have the custody of the children. In December 1977 appellee again went to Washington and found appellant and the children still living at the same place with the man in two small trailers. Appellee obtained permission to take the children on a skiing trip and instead brought them back to his home in Shreveport. He immediately filed this proceeding to obtain their custody and to terminate support payments to appellant. An attorney was appointed to represent appellant who is a non-resident. The day after the suit was filed, appellant came to Shreveport and without appellee's knowledge, took the two younger children back to the state of Washington. The third child, a fifteen-year-old boy, requested to remain with appellee and was permitted to do so.
Appellant, who refused to accept the certified letter from the appointed attorney notifying her of the pendency of the proceeding, made no appearance by the filing of pleadings or in person at the trial of the rule. An oral objection to the jurisdiction of the court was made by the court appointed attorney.
Appellant has concisely framed the issues presented on her limited appeal in brief to this court as follows:
(1) Did the trial court retain jurisdiction to modify or terminate child custody and therefore support?
(2) If not, did the trial court obtain jurisdiction therefor by reason of the children's forced, admittedly surreptitious presence in Caddo Parish on the date suit was filed and on the date the curator was served?
(3) If so, did it lose that jurisdiction over the two younger children when Mrs. Miller removed them from the State of Louisiana prior to the trial on the rule nisi?
(4) If there was no jurisdiction over one or more of these children, since the support award was in globo and no proration thereof was sought, did the court have jurisdiction to terminate any or all thereof?
Appellant contends that the children's domicile follows that of the custodial parent, and as she has become a domiciliary of Washington, the children are no longer domiciled in Louisiana, and the courts of this state lack jurisdiction to render any judgment on their custody. The statutory law defining the jurisdiction of the court is La.C.C.P. Art. 10 A(5) providing as follows:
A court which is otherwise competent under the laws of this state has jurisdiction of the following actions or proceedings only under the following conditions:
* * * * * *
(5) A proceeding to obtain the legal custody of a minor if he is domiciled in, or is in, this state;
* * * * * *
There is no dispute as to the fact that the children were all three present within this state on the date of the filing of this proceeding. It is immaterial that two of the children were removed prior to trial as once jurisdiction has attached it is not lost by the subsequent removal of the person from the jurisdiction of the court. Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321 (1953), DeFatta v. DeFatta, 352 So.2d 287 (La.App. 2d Cir. 1977).
It is therefore apparent that the facts of this case fall within the literal wording of the above statute conferring jurisdiction on the court unless some further qualification is read into the statute relating to the presence of the children in this state having been improperly obtained by devious methods. Appellant contends this court should interpret the phrase "or is in, this state;" as used in the statute to exclude children brought into the state through subterfuge. Any other interpretation, appellant contends, would be against public policy and *726 violative of due process and the principle of comity between states. In support of this position she relies on the decisions in Odom v. Odom, 345 So.2d 1154 (La.1977) and Smith v. Ford, 288 So.2d 71 (La.App. 4th Cir. 1974).
In Odom the custodial parent had become domiciled in Texas and the children in question were in Texas at the time the other parent attempted to recover custody through the Louisiana court which had originally granted the custody decree. The Supreme Court held the trial court did not have jurisdiction under La.C.C.P. Art. 10 A(5) as the children were no longer domiciled or present in this state. Odom is therefore factually distinguishable from this case. The Supreme Court in Odom specifically pointed out that it did not rule on whether the exercise of continuing jurisdiction under 10 A(5) might under some circumstances violate due process or the principle of comity.
The Fourth Circuit in Smith v. Ford, supra, did read into the statute, in addition to the requirement of presence of the children in this state, that there must be some compelling state interest to justify the exercise of jurisdiction. This rationale has since been rejected by the same court, and the plain language of the statute was followed in Rafferty v. Rafferty, 313 So.2d 356 (La. App. 4th Cir. 1975).
The state of Louisiana is the state which initially assumed jurisdiction over the children and from whose jurisdiction the children were removed by appellant. The trial court had jurisdiction under the plain wording of 10 A(5) and had the discretion to either exercise this jurisdiction or to refuse to do so under the principle of comity and related doctrines.
There is no question that if the court had jurisdiction to modify the custody award that the judgment of support for the children could also be deleted. The continuing jurisdiction of a Louisiana court to modify a support award has been decided by this court recently in DeFatta v. DeFatta, supra.
For the reasons assigned, the judgment is affirmed at appellant's cost.