382 So.2d 201 (1980)
Isaac PARKER, Plaintiff-Appellant,
v.
Wanda Middleton PARKER, Defendant-Appellee.
No. 14064.
Court of Appeal of Louisiana, Second Circuit.
February 25, 1980.
Rehearing Denied April 3, 1980.
Sockrider & Bolin, Shreveport, for plaintiff-appellant.
F. E. Stinson, Jr., Benton, for defendant-appellee.
Before HALL, JONES and McCLENDON, JJ.
En Banc. Rehearing Denied April 3, 1980.
JONES, Judge.
Plaintiff, Isaac Parker, father of a 14-year old boy, appeals a judgment dismissing his suit for child support against Wanda Parker, plaintiff's former wife and mother of his son. The trial court sustained an "exception based upon lack of jurisdiction over the person of the defendant".
Plaintiff sued defendant for a separation in Bossier Parish, Louisiana in 1967 and obtained personal service upon her. She answered the suit denying the grounds for separation, but alternatively demanding custody of her son and child support in the amount of $50 per month. Plaintiff was awarded the separation and defendant was awarded the custody of the child and child support.
Plaintiff filed a suit for final divorce in 1968 at which time defendant was a non-resident. Service was made upon her through a curator. A judgment of divorce was thereafter rendered on April 19, 1968 retaining custody of the child in defendant and awarding her a child support judgment against plaintiff in the amount of $50 per month.
In 1975 plaintiff secured de facto custody of his son and in November, 1977 plaintiff sued in Bossier Parish for custody of his son *202 and this suit was personally served upon defendant who was then domiciled in Bossier Parish. Through her attorney she filed an answer in these proceedings wherein she alleged that she had paid all medical bills and expenses for the child and sought, in the event appellant obtained custody of the child, a judicial declaration that he would be required to pay the child's medical and living expenses. Defendant in her answer further sought specific visitation privileges in the event appellant should be awarded custody.
On February 6, 1979 defendant filed a notarized statement in this custody proceeding wherein she declared herself to be a major resident of Bossier Parish and consented that plaintiff be granted custody of her son. On February 13, 1979 defendant's attorney who had filed the answer on her behalf withdrew. On February 22, 1979 a judgment was rendered awarding plaintiff custody of his son and eliminating his obligation to pay defendant $50 per month child support which was contained in the earlier divorce decree.
On April 2, 1979 plaintiff instituted this action for child support alleging defendant to be a resident of the State of Mississippi and had the petition served upon her through an attorney at law appointed by the court to represent her.
The only issue on appeal is the correctness of the trial judge's action in sustaining the exception of jurisdiction.
LSA-C.C. art. 227 provides:
"Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children."
In order to secure a child support judgment (which is a personal judgment) against a non-resident there must be jurisdiction over the person against whom the judgment is sought.
A court has legal power to render a child support judgment against a party if it has obtained jurisdiction in personam by one of the three methods set out in LSA-C.C.P. art. 6[1]. These methods are: (1) service of process on defendant or his agent for the service of process, (2) service of process on an attorney appointed to defend an action brought against an absent or incompetent defendant who is domiciled in this state, or (3) the submission of the party to the exercise of jurisdiction over him personally by the court, or his express or implied waiver of objections thereto.
In the supreme court case of Imperial v. Hardy, 302 So.2d 5 (La.1974), a non-resident father had earlier submitted to the jurisdiction of the Louisiana court by instituting a suit to change custody. His former wife who had been awarded custody of the children and child support by a Michigan judgment reconvened in those proceedings and obtained a Louisiana custody and child support judgment. In 1973 the mother filed a suit against the non-resident father seeking to make past due child support executory and seeking an increase in the child support. Service was had upon defendant through his attorney of record in his former custody litigation with the plaintiff. The defendant excepted to jurisdiction of the court over his person and to the validity of service upon counsel of record in the earlier litigation. Because the non-resident defendant had submitted to the jurisdiction of the court in the earlier custody litigation wherein a judgment of child support was rendered against him, the jurisdiction was said to have continued for a change in this award in the future.

*203 "When a judicial proceeding is begun with jurisdiction over the person of the party concerned it is within the power of the State to bind him by every subsequent order in the cause. * * * It would be intolerable if an action once properly begun could not proceed without the continued existence of the original basis for jurisdiction. Under such a rule a litigant who had availed himself of the court's jurisdiction at the inception of the case could avoid the entry of judgment against him by the simple expedient of withdrawing from the State." Imperial, supra, at 8.
The court recognized that our Code of Civil Procedure provides that a court may obtain personal jurisdiction by:
"The submission of the party to the exercise of jurisdiction over him personally by the court, or his express, or implied waiver of objections thereto. La.Code Civ. Procedure art. 6." Imperial, supra, at 7.
The court held that if there was continuing personal jurisdiction the service upon defendant's attorney of record in the earlier litigation was valid under Articles 1312, 1313, and 1314 of the Code of Civil Procedure. It then pointed out that valid service could have been made upon a court appointed attorney:
". . . And if the Orleans Parish Court had personal jurisdiction over the defendant, it would also have authority to appoint an attorney to represent the absent defendant under the authority of Article 5091[2] of the Code of Procedure." Imperial, supra, at 7.
This court applied the Imperial rule of continuing jurisdiction in DeFatta v. DeFatta, 352 So.2d 287 (La.App. 2d Cir. 1977). The issue involved was whether a court which had formerly had jurisdiction over the father (because of his submission to jurisdiction by suing for a separation there) retained continuing jurisdiction over him so as to render an initial child support judgment against him in the final divorce proceedings. There at p. 289 we said:
". . . when a party initiates an action for separation from bed and board, thereby submitting himself to the exercise of jurisdiction over him personally by the court, the court's jurisdiction over the person is not divested by the party's moving from this state, but continues throughout the pendency of the proceeding to the judgment of divorce as to all facets of the proceeding, including all matters incidental to the separation and divorce such as custody, child support and alimony, pendente lite and permanent."
Miller v. Miller, 363 So.2d 724 (La.App. 2d Cir. 1978), is another case in which this court applied the notion of continuing jurisdiction to modify a child support award against a non-resident parent. In this case a mother who resided out of state lost the custody of her three children and a child support award she had earlier received against their father based upon the concept of continuing jurisdiction. The jurisdiction *204 in personam which was formerly had over the parent who had now left the jurisdiction continued because:
". . . once jurisdiction has attached it is not lost by the subsequent removal of the person from the jurisdiction of the court." Miller, supra, at 725.
The continuing power of a Louisiana court to modify child support awards was also re-emphasized:
"There is no question that if the court had jurisdiction to modify the custody award that the judgment of support for the children could also be deleted. The continuing jurisdiction of a Louisiana court to modify a support award has been decided by this court recently in DeFatta v. DeFatta, supra." Miller at 726.
See also Collins v. Collins, 356 So.2d 455 (La.App. 1st Cir. 1977), which approved the appointment of a C.C.P. art. 5091 attorney to represent the non-resident husband in an action to collect child support arrearages and increase the alimony awarded in the separation suit (in which there was personal jurisdiction over the husband). The First Circuit held there was continuing jurisdiction over the defendant-husband and that since he was an unrepresented absentee an attorney could be appointed under C.C.P. art. 5091.
In Webb v. Webb, 357 So.2d 1288 (La.App. 3d Cir. 1978), a wife sued her husband for a separation, custody and child support. The husband hired an attorney who filed an answer on his behalf and there was a judgment of separation in favor of the wife giving her custody of the children and $100 per month child support. One and one-half years later the wife sued for a final divorce, custody and child support, and served her husband's attorney of record. This attorney filed an exception of lack of personal jurisdiction over the husband contending he had moved to Texas. The trial court sustained the exception of jurisdiction. The judgment was reversed on appeal based upon:
". . . the concept of continuing jurisdiction in child support and alimony matters." Id. at 1291.
The court cited with approval Imperial v. Hardy and DeFatta v. DeFatta, supra. The court in discussing the issue of child support made the following pertinent observations approving the rationale of DeFatta:
"With regard to child support specifically, the obligation of a parent to support the child under C.C. Arts. 227 and 229 is the same obligation, regardless of whether it is enforced in the separation suit or in the divorce action. The issues and causes of action are the same. We feel, as does the Second Circuit, that the state's interest in continuing jurisdiction in child support matters is strong. Therefore, if the obligation of parental support is enforced by a court having personal jurisdiction over the parent, that court has jurisdiction to continue to enforce that obligation. We thus hold that when a judgment of separation and child support is awarded by a court with personal jurisdiction over the defendant, jurisdiction continues in a subsequent divorce proceeding to reinstate or modify the award for child support." Webb at 1292.
In DeFatta, supra, the court said:
"Since custody, alimony and child support judgments contained in a judgment of divorce are subject to modification, the jurisdiction of the court over the person of the party concerned as to those matters may continue indefinitely." DeFatta at 291. [our emphasis].
Because issues relating to child custody continue long after divorce litigation is concluded we can conceive of no sound reason why jurisdiction established in separation and divorce litigation where custody awards are made should not continue indefinitely with regard to child custody matters including support, even though support was not provided for in those judgments. This would also be true of custody judgments rendered subsequent to divorce actions in proceedings where personal jurisdiction was acquired and custody awarded without support provisions.
Defendant contends that the concept of continuing jurisdiction illustrated in the decisions cited supra is not applicable to her *205 for the reason that it is limited to situations where money judgments had been earlier rendered for child support under circumstances wherein jurisdiction was obtained by personal service upon the defendant. The defendant further argues that in many situations wherein the concept is recognized, the non-resident had initiated the proceeding. An analysis of Imperial v. Hardy, Collins v. Collins, and Webb v. Webb, supra, will establish that in these cases where the doctrine of continuing jurisdiction was approved there had been earlier rendered a child support award. However, there is nothing in the basic notion expressed by the supreme court in Imperial v. Hardy, supra, that limited the concept of continuing jurisdiction in child support matters to a situation where there had been an earlier child support award.
A review of Article 6 of the Code of Civil Procedure, which was cited as the statutory basis for the application of continuing jurisdiction in the Imperial v. Hardy, supra, decision, reflects there is no language which limits the power of the court to the exercise of jurisdiction to only one particular facet of the case once the court has found personal jurisdiction by:
". . . the submission of the party to the exercise of jurisdiction over him personally by the court." Imperial at 7.
The determination of who is to have custody does not necessarily end the determinations which the court may be required to make with regard to the child. The court may be required simultaneously with the custody determination or at a later time to determine support awards and visitation privileges and perhaps make other decisions required for the best interest of the child.
The court in Imperial v. Hardy, supra, recognized:
"It would be intolerable if an action once properly begun could not proceed without the continued existence of the original basis for jurisdiction." Id. at 8.
In the DeFatta case continuing jurisdiction was used against a non-resident father to justify a child support award for two children who had not earlier received child support in the previous litigation wherein personal jurisdiction was initially obtained.
The defendant here submitted to the personal jurisdiction of the trial court in 1967 when she was personally served as a defendant and actively sought and obtained custody of her son and child support. Defendant was divorced in 1968 while a non-resident and in the divorce judgment she again received custody of the child and a support award.
Plaintiff filed this suit for custody of his son in 1977 and the defendant actively participated in that proceeding. It was served upon her. She answered it and sought in her answer (which is clearly a submission to the jurisdiction of the court) a judicial determination that the plaintiff was responsible for medical and other expenses. She thereafter filed an affidavit consenting to the plaintiff here being awarded custody of their child. Plaintiff was awarded custody on February 22nd and the judgment specifically eliminated the earlier child support award in favor of defendant. It contained no child support award in favor of plaintiff. On April 2nd, less than six weeks later, plaintiff filed this suit for child support. Within the short period of time between the custody judgment and the institution of this suit, defendant moved to Mississippi and became a non-resident. Defendant's change of domicile cannot serve to deprive the trial court of jurisdiction over all matters related to the custody of her son. The court has effectively exercised this jurisdiction since the separation of 1967. Defendant has affirmatively submitted to that jurisdiction on more than one occasion, the last time being only a very short time before she employed the attorney appointed to represent her in these proceedings to file on her behalf the exception of jurisdiction sustained by the trial judge.
The defendant submitted to the jurisdiction of the court issues set forth in her answer related to child support and the judgment specifically declared the father no longer owed it to defendant.
*206 We hold that where a litigant has been subject to the personal jurisdiction of the court in a case where a custody award has been made that thereafter jurisdiction will continue as to those matters directly related to the custody and best interest of the child, including the all-important element of child support, even though there may have been no child support award in the initial proceeding.
In the recent Fourth Circuit decision of Hirsch v. Sander, 378 So.2d 539 (La.App. 4th Cir. 1979), the court declined to apply the concept of continuing jurisdiction to a wife's suit for permanent alimony following the rendition of the divorce judgment which contained no alimony award. The court there found that to do so would violate due process. We decline to follow the Hirsch decision in this suit for child support.
The court in DeFatta and Webb, supra, recognized the great interest the State of Louisiana has in support for the child and in being in a position to enforce the obligation of the mother and father provided for in Article 227 of the Civil Code. This obligation does not terminate with the rendition of a separation or divorce judgment containing custody awards, even though these judgments contain no order of support. We believe support an essential adjunct to custody litigation and that sound public policy requires that jurisdiction be maintained in cases similar to the one here presented against non-resident mothers and fathers.
We find that the due process requirements of fair play and substantial justice and notice required by decisions of the U.S. Supreme Court are adequately complied with in our concept of continuing jurisdiction and our requirement that the service of the proceedings be upon an attorney at law appointed under the provisions of LSA-C.C.P. art. 5091. The attorney appointed is required to use reasonable diligence to notify the defendant of the suit and the nature of the action. LSA-C.C.P. art. 5094. This method of service is reasonably calculated to give defendant actual notice of the action and opportunity to be heard. This form of service, when combined with a defendant's earlier knowledge of the custody litigation when personal jurisdiction was initially obtained over him, clearly meets the due process requirements contained in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); and Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940).
We conclude the trial court had personal jurisdiction over the non-resident defendant in this action wherein child support was sought from her. The judgment sustaining the exception of jurisdiction is REVERSED and the case is REMANDED to the lower court for further proceedings consistent with the views herein expressed. All costs of the trial of the exception and all costs of the appeal are assessed against defendant.
NOTES
[1] The Long-Arm Statute (LRS 13:3201 et seq.) provides a method of obtaining jurisdiction in personam over a non-resident to secure child support in some circumstances. LRS 13:3201(f) permits personal jurisdiction to be exercised over a non-resident as to a cause of action arising from the non-resident's "[n]on-support of a child . . . domiciled in this state to whom an obligation of support is owed and with whom the non-resident formerly resided in this state." However, this case was not filed under the Long-Arm Statute and the procedure for notification of a defendant peculiar to this statute were therefore not complied with. Therefore, the propriety of the trial court's possible exercise of jurisdiction under the Long-Arm Statute is not before us.
[2] C.C.P. art. 5091"The court shall appoint an attorney at law to represent the defendant, on the petition or ex parte written motion of the plaintiff, when:

(1) It has jurisdiction over the person or property of the defendant, or over the status involved, and the defendant is: (a) a nonresident or absentee who has not been served with process, either personally or through an agent for the service of process, and who has made no general appearance; or (b) an unemancipated minor or mental incompetent who has no legal representative, and who may be sued through an attorney at law appointed to represent him; or
(2) The action or proceeding is in rem and: (a) the defendant is dead, no succession representative has been appointed, and his heirs and legatees have not been sent into possession judicially; (b) the defendant is a corporation or partnership on which process cannot be served for any reason; or (c) the defendant's property is under the administration of a legal representative, but the latter has died, resigned, or been removed from office and no successor thereof has qualified, or has left the state permanently without appointing someone to represent him.
All proceedings against such a defendant shall be conducted contradictorily against the attorney at law appointed by the court to represent him.
The improper designation of the attorney appointed by the court to represent such a defendant as curator ad hoc, tutor ad hoc, special tutor, or any other title, does not affect the validity of the proceeding."