..GULOTTA, Judge.
Sidney A. Chaplin, appealing from a judgment ordering him to pay past-due support and denying his petition to annul earlier support judgments, claims the Louisiana court lacks jurisdiction because neither he nor his divorced wife nor the children reside in Louisiana. Sidney claims he moved from the state in 1972 and his divorced wife, Barbara, left Louisiana in 1973. Sidney further claims he was denied “due process” or “equal protection” because of the failure by his attorney and by the curator appointed to represent him to inform him timely of the Louisiana proceedings. Finally, Sidney contends that the judgments were obtained by fraud and ill practice through the perjured testimony of his ex-wife and her intentional failure to notify the curator of his New York address. Finding no merit to these contentions, we affirm.
BACKGROUND
The 1971 petition for separation filed by the wife alleged that the husband resided in New York; however, he was personally served in Louisiana. A judgment of separation and child support was awarded to plaintiff in this state.
The March 26, 1973 petition for divorce filed by the wife was served on the husband’s curator ad hoc.[1] This petition alleged that defendant, Sidney Chaplin, was a non-resident at the time. After a general denial was filed by the curator and an appearance was made by him at the hearing, a judgment of divorce was rendered on April 13, 1973 ordering defendant to pay support for two children in the sum of $100.00 per week.
On May 29, 1973, Barbara filed a rule to make past-due child support executory and to increase the amount of the weekly support from $100.00 to $175.00.[2] Service of this rule was made on Sidney through his “Attorney of Record”, Joseph N. Marcal, III.[3] On June 30, 1973, the trial judge *797 denied Mareal’s motion for continuance but notified the attorneys in open court of a new trial date of July 30, 1973. Neither Sidney nor Marcal was present at that trial, however, and on July 31, 1973, the trial judge increased the weekly child support to $175.00.
On March 28, 1977, Barbara filed a rule to make past-due child support executory, alleging an arrearage of $20,560.00 from March 11, 1974 through January 20, 1977.[4] Barbara alleged that the whereabouts of Sidney were unknown and listed his last address in Orange County California. A curator ad hoc, Harry T. Hardin, III, was appointed to represent the absent defendant. A minute clerk’s entry on June 7, 1977, indicates that the rule was partially heard with the curator present but continued as an open ease. On June 30,1977 with the curator present, the.court made past due child support executory in the sum of $22,491.00.
On October 16, 1979, after hearing a rule for arrearage where plaintiff and the curator representing the absent defendant-husband were present, the trial judge awarded plaintiff $15,595.00 in arrearages plus $350.00 in attorney’s fees.
Following the October 16 judgment, defendant, through his privately retained Louisiana counsel, filed a petition to annul the 1973 and 1977 judgments as well as a rule for contempt against plaintiff based on her alleged perjury and failure to inform the curator of defendant’s correct address. A new trial of the October, 1979 judgment was granted. The divorced wife also filed a rule for contempt based on the defendant’s arrearages.
The various rules were consolidated for trial on January 29, 1980 at which the defendant, Sidney Chaplin, was present. The court dismissed the defendant’s petition to annul the 1973 and 1977 judgments and awarded plaintiff $16,000.00 in arrearages plus $750.00 in attorney’s fees.[5] It is from this judgment that the husband appeals.
JURISDICTION
We reject Sidney’s contention that the Louisiana court lacked jurisdiction to increase child support or make the arrearages executory after 1973.
A judgment concerning child support is a money judgment that must be supported by jurisdiction over the party cast. Imperial v. Hardy, 302 So.2d 5 (La.1974). Under LSA-C.C.P. Art. 6, one way a court acquires jurisdiction over the person is when that person submits to the jurisdiction or expressly or impliedly waives objection to the jurisdiction.
The Louisiana court acquired jurisdiction over Sidney when he was personally served in Louisiana with Barbara’s initial petition for separation and alimony penden-te lite in 1971. Under the concept of “continuing jurisdiction”, the Louisiana court thus acquiring jurisdiction retained it over Sidney even after he left Louisiana. The court was therefore empowered to modify the child support award or enter an award for arrearages against defendant despite his residency in New York. Imperial v. Hardy, supra; Webb v. Webb, 357 So.2d 1288 (La.App. 3rd Cir. 1978); Holden v. Holden, 374 So.2d 749 (La.App. 3rd Cir. 1979); Miller v. Miller, 363 So.2d 724 (La.App. 2d Cir. 1978); Parker v. Parker, 382 So.2d 201 (La.App. 2d Cir. 1980).
DUE PROCESS AND EQUAL PROTECTION
Having concluded that the Louisiana court had jurisdiction over the defendant, *798 the next question is whether he was properly served and received proper notice of plaintiff’s rules for increase and arrearages.
In Imperial v. Hardy, supra, the Supreme Court held that where a court has jurisdiction over the defendant, service can be made on defendant’s counsel of record at a later time in the same proceeding in a matter incidental to that originally adjudicated, provided the matter was not final. See also, LSA-C.C.P. Art. 1313. In Imperial, service of motions to assess arrearages and increase support payments was permitted on the non-resident husband’s counsel of record five years after the rendition of the original judgment fixing the support payments, where the husband’s attorney had not withdrawn as counsel of record in the interim.
In our case, counsel of defendant’s choosing, Joseph N. Marcal, represented him during the pendency of his separation suit and was his attorney of record on an appeal during that time. Barbara’s rule for increase in 1973 was served on Marcal who responded by filing a motion for continuance on behalf of Sidney.[6] Although the attorney later testified that he had served only as appellate counsel for Sidney, he acknowledged that he had acted as Sidney’s attorney on rules in the trial court during the separation and had not withdrawn as counsel of record prior to the service of Barbara’s rule for increase. Under these circumstances, we hold that defendant was properly served with Barbara’s rule in 1973. Moreover, Sidney’s motion for continuance filed by his attorney constituted a general appearance subjecting Sidney to the court’s jurisdiction. See Commitment of Askew, 359 So.2d 227 (La.App. 4th Cir. 1978).
It was also recognized in Imperial v. Hardy, supra, that a Louisiana court having personal jurisdiction over an absent defendant has authority to appoint an attorney to represent him pursuant to LSA-C.C.P. Art. 5091. In Parker v. Parker, supra, it was held that service of a rule on a curator ad, hoc appointed to represent a non-resident defendant, when combined with the defendant’s earlier knowledge of the litigation when personal jurisdiction was initially obtained over him, meets the requirements of due process. Service of Barbara’s rules for arrearage to make past-due payments executory in 1977 and 1979 were made on the duly appointed curator for Sidney. We therefore conclude due process was met in our case.
LSA-C.C.P. Art. 5094 requires the attorney appointed to represent the absent defendant to use reasonable diligence to notify him of the suit and the nature of the action. See Parker v. Parker, supra. At the trial of Barbara’s rule on June 7, 1977, the curator ad hoc filed a “Note of Evidence” indicating that he had mailed a letter to Sidney at a California address furnished by Barbara on March 81, 1977 in an attempt to inform him of the pending rule. This letter had been returned unopened with the notation “Moved.” At the June 7 hearing, Barbara’s testimony was taken but the case was held open while the curator continued in his efforts to locate Sidney. On June 8, the curator made telephone contact with Sidney in New York and notified him of the rule to make the past-due amounts executory. According to the curator, Chaplin stated he would be back in touch with him and would either retain himself or some other attorney to represent him in the proceedings. The curator further stated that he knew of no defense that Sidney might raise on his behalf.[7] Under *799 these circumstances, we conclude that the curator exercised reasonable diligence as required under LSA-C.C.P. Art. 5094.
We point out further that the curator made telephone contact with defendant subsequent to October 16,1979 when a $15,-595.00 judgment was rendered in favor of plaintiff. Thereafter a new trial was granted in connection with that judgment and in January, 1980 the trial judge, after hearing the testimony of plaintiff and defendant, rendered a judgment for past-due support in the sum of $16,000.00. Under the circumstances, any lack of notice to defendant in connection with the October, 1979 judgment was rectified by the new trial.
FRAUD
We find no merit to defendant’s claim for nullity based on the contention that plaintiff deliberately withheld defendant’s address and telephone number from the curator and that she perjured her testimony in the 1973 hearing on the rule to increase.
Defendant testified at the hearing in 1980 that Barbara had known of his address in Brooklyn, New York or could have easily obtained it when the rules were tried in 1973, 1977 and 1979.[8] Plaintiff testified, however, that she had not known defendant’s address during that time and had not learned of it until she employed a private detective who found the address after the rule was tried in October, 1979. Accepting or rejecting conflicting testimony is a matter for determination by the trial judge. We find no error in that determination. Plaintiff did not deliberately withhold defendant’s address from the curator. We cannot say the trial judge erred.
Defendant claims that plaintiff perjured her testimony when she stated that she had incurred school tuition expenses for her children and was required to pay rent, when in truth and in fact, the children had the benefit of a scholarship and she was living in her new husband’s house rent-free. It is clear the trial judge placed little or no significance in these claimed discrepancies in plaintiff’s testimony. Again, we cannot say he erred. Accordingly, we find no support for defendant’s claim that the accumulated past increases and executory judgment be annulled and set aside.
The judgments are affirmed.
AFFIRMED.

. Barbara’s attorney at the time of divorce was Gilbert P. Cohen. Wayne Mancuso was appointed curator for Sidney.

. Barbara’s attorney for this rule and the subsequent ones now before us was Craig J. Cimo.

. Marcal had appeared as Sidney’s attorney of record and had filed various motions on his behalf prior to the divorce. He also was Sidney’s attorney of record on an appeal by Barbara from a judgment accruing alimony pen-dente lite. See Chaplin v. Chaplin, 279 So.2d 230 (La.App. 4th Cir. 1973).
A question might be raised why a curator was appointed for Sidney for service of the divorce petition, but service of the rule for arrearages and an increase was made on Marcal as attor *797 ney of record. A reasonable explanation for the wide difference of methods of notice is that a different attorney (Cohen) represented Barbara in the divorce action and separate counsel (Cimo) represented her in the May 29 rule.

. Barbara had filed an earlier rule to make past-due child support executory on February 15, 1974 claiming an arrearage of $3,225.00. This rule was served on Sidney through his attorney Marcal, and judgment was rendered in favor of Barbara for $3,375.00 on March 19, 1974. Sidney was absent and unrepresented at the trial on March 11, 1974. The validity of this judgment in 1974 is not before us on this appeal.

. This judgment was for arrearages owed from June, 1977 to the time of trial in 1980.

. A ground asserted for the continuance was Sidney’s inability because of his job to come to New Orleans from New York for the scheduled hearing on the rule. This motion for continuance, and Marcal’s subsequent affidavit in support of an exception to jurisdiction, clearly indicate Marcal informed Sidney of the pending rule in 1973.

. Although Sidney indicated the curator never informed him that weekly child support had been increased from $100.00 to $175.00, the curator testified that Chaplin had stated on the telephone that he was aware that the child support was supposed to be $100.00 per week. Thus, although the curator did not specifically testify he had told Sidney of the increase, it can be inferred that the increase was discussed in the conversation.

. Chaplin stated that he had resided at the same address in New York from 1973 through 1979, except for four months when he was in California.