LINDSAY, Judge.
The plaintiff, Sandra Lynn Smith Tatum, filed a rule against the defendant, Keith Havis Tatum, seeking an increase in permanent alimony. The trial court granted plaintiff’s request and the defendant has appealed that decision. For the following reasons, we reverse the trial court judgment.
FACTS
The plaintiff and the defendant were married in Caddo Parish on June 12, 1982. The defendant is a member of the U.S. Navy and following their marriage, the *641 couple moved to California. On September 21, 1984, the plaintiff filed a petition for separation in Caddo Parish claiming that although the last matrimonial domicile of the parties was in California, she had become a domiciliary of Caddo Parish. She alleged the defendant abandoned her on April 17, 1984. She also sought $600 per month alimony pendente lite. An attorney was appointed to represent the defendant. However, the defendant retained counsel and filed an answer and reconventional demand, denying plaintiffs allegations and asserting she was at fault in causing the separation.
Both parties appeared in court and on January 30, 1985, a judgment of separation was rendered, signed and filed by the trial court. The court made no adjudication of fault, but reserved to both parties the right to litigate fault in the divorce proceeding.
On February 11, 1985, pursuant to a rule issued in the separation suit, the trial court signed a judgment ordering the defendant to pay certain community obligations totaling $459.21 per month. The judgment specified that $150 per month of that amount was to be “specifically allocated as alimony pendente lite.”
On April 17, 1985, the plaintiff filed a petition for divorce, presumably under the provisions of LSA-R.S. 9:301, asserting that the parties had not lived together nor reconciled since April 17, 1984. The plaintiff claimed to be free from fault and asked for $500 per month permanent alimony. This petition was later amended by the plaintiff to assert that the petition for divorce should not have been filed until April 18,1985. The defendant’s attorney filed an answer to the divorce petition in which he alleged that the plaintiff was not free from fault.
The divorce action came to trial on August 23, 1985. The defendant was not present, but he was represented by counsel. The divorce was uncontested. However, the defendant, through counsel, objected to being cast with permanent alimony. At this trial, the parties agreed that evidence only on the divorce was to be adduced and that the alimony issue would be left open for sixty days, the court stating that it “will grant a continuance in the portion of this matter, that is, the setting of permanent alimony.” It was agreed that the defendant was to continue paying the community bills. However, the case was to be left open for sixty days to allow the defendant to be advised of the proceedings and contest any claim for permanent alimony.
At the hearing, the plaintiff testified only that she and the defendant had lived separate and apart for more than one year. In response to a question by her own attorney, the plaintiff stated she understood that the issue of fault and her entitlement to permanent alimony would be tried at the termination of the sixty day period agreed upon by the parties. The following exchange occurred between the plaintiff and her attorney:
Q. You heard the statement to the Court this morning that we’re asking for a divorce, but we’re going to leave this matter open for 60 days in order for your former husband to be advised as to proceedings so that he can contest if he wishes any claim for permanent alimony?
A. Yes, sir.
Q. That we will try the question of fault at the termination of sixty days as soon as we can get him tó court. Do you understand that?
A. Yes, sir.
However, the record reflects that no such hearing on the issue of fault was ever scheduled or held. There was never a determination of fault and plaintiff’s entitlement to permanent alimony.
Later, on October 9, 1985 the judgment of divorce was signed. In that judgment, the defendant was again ordered to pay community obligations totaling $459.21 per month with $150 of that monthly amount to be considered alimony pendente lite rather than permanent alimony. The judgment further recited that the case was held open for sixty days to allow the defendant to “assert whatever defense he may have to the issues of fault and permanent alimo *642 ny.” As mentioned above, the record is devoid of any adjudication finding either that the defendant was at fault or that the plaintiff was free of fault.
On January 6, 1986, defendant’s counsel withdrew from the case. The plaintiff then filed a rule to increase permanent alimony, claiming that the defendant had not paid the community obligations as ordered by the trial court and requesting that the entire monthly amount of $459.21 be designated as permanent alimony. The rule stated that defendant was stationed in Italy and service upon him would be made under LSA-R.S. 13:3201, the Long Arm Statute. However, the affidavit of service indicated that certified mail cannot be sent overseas and therefore the defendant received no notice of the rule.
When this action came up for hearing, the trial court apparently felt that notice to the defendant was inadequate. The record contains an opinion by the trial court denying plaintiff’s request for an increase in permanent alimony because there was no evidence that the defendant received notice of the divorce decree or notice regarding the rule to increase alimony.
On May 29,1986, the plaintiff again filed a petition to increase permanent alimony from $150 per month to $459.21 per month. At this time, an attomey-at-law was appointed to represent the absentee defendant under LSA-C.C.P. Art. 5091. Plaintiff’s motion to proceed in forma pauperis was granted by the trial court.
A hearing on the rule was held July 15, 1986. On July 22, 1986, the trial court signed a judgment granting the plaintiff $452.21 per month in permanent alimony.[1]
The defendant has appealed that judgment claiming the trial court had no jurisdiction to award the plaintiff permanent alimony. The defendant also claims that if the trial court did have jurisdiction, the amount of alimony awarded was excessive because plaintiff failed to show the requisite change in circumstances necessary to increase an award of alimony. For the following reasons, we reverse the trial court judgment.
JURISDICTION
The defendant claims that the trial court lacked jurisdiction to award permanent alimony to the plaintiff or to increase the alimony. First, the defendant argues that the trial court awarded the plaintiff only alimony pendente lite and that award terminated when the divorce judgment was rendered. The defendant also claims that the trial court could not properly make an award of permanent alimony to the plaintiff because there was no adjudication that the plaintiff was free from fault. Finally, the defendant claims that because the award of alimony pendente lite terminated with the divorce decree, the court does not have continuing jurisdiction over him and the appointment of an attorney to represent him under LSA-C.C.P. Art. 5091 was not proper. For the following reasons, we find that the trial court had no jurisdiction to render a judgment in this case increasing an award of permanent alimony.
As a general rule, the spouse claiming permanent alimony bears the burden of proving freedom from fault. Nethken v. Nethken, 307 So.2d 563 (La.1975); Deramus v. Deramus, 477 So.2d 1301 (La.App.3rd Cir.1985); Schexnayder v. Schexnayder, 424 So.2d 516 (La.App. 5th Cir.1982). Absent such a showing, a trial court may not make an award of permanent alimony.
Under the facts of this case, in the suit for separation, each party alleged that the other was at fault. However, the judgment does not grant a separation in favor of one party or the other and specifies that the issue of fault was to remain open for litigation in the divorce proceedings. The plaintiff’s claim for alimony pendente lite was granted by the trial court.
The plaintiff then filed for divorce, claiming that the parties lived separate and *643 apart for one year. She also requested permanent alimony and prayed to be found free from fault. A judgment granting the divorce was rendered in favor of the plaintiff and the plaintiff’s award of alimony pendente lite was ostensibly continued, but there was no award of permanent alimony. The record from the divorce hearing shows that there was no adjudication on the issue of fault. A continuance on that issue was granted for sixty days.
In Steib v. Steib, 469 So.2d 20 (La.App.1st Cir.1985), similar issues were presented. In that case, the parties were granted a divorce under LSA-R.S. 9:301. At the divorce hearing, evidence regarding fault was adduced, but the issue was left open for further proceedings. There was no adjudication of the fault issue. The defendant’s former wife later filed a rule for permanent alimony which was granted by the trial court. The defendant appealed, claiming the trial court erred in awarding to the wife permanent alimony without a prior adjudication that she was free from fault. The appellate court found that before an award of permanent alimony may be made by the trial court, the spouse seeking the award must prove freedom from fault and that absent such an adjudication, there can be no award of permanent alimony.
In the present case, just as in Steib, supra, there was never any adjudication that the plaintiff was free from fault and therefore entitled to permanent alimony. In fact, the judgment contained in the record refers to the plaintiff's alimony pen-dente lite, not permanent alimony.
In its judgment granting the divorce, the trial court never made nor intended to make an award of permanent alimony pursuant to LSA-C.C. Art. 160. The trial judge specifically granted a continuance on that issue. The award of alimony pendente lite actually terminated upon the judgment of divorce. Lewis v. Lewis, 404 So.2d 1230 (La.1981). At the end of the sixty day continuance, the plaintiff could have reset her case for a fault determination and the setting of permanent alimony. In such a case, service upon counsel of record would have been proper. Defendant’s counsel did not withdraw from the case until January 6,1986, allowing the plaintiff ample time to proceed in this manner. If plaintiff was found to be free from fault, the trial court could have presumably made any permanent alimony award retroactive to the date of the divorce. However, plaintiff did not proceed with her case.
Because there was never an adjudication of fault and no proper award of permanent alimony, the trial court lacked personal jurisdiction over the defendant to enter the present judgment purporting to increase permanent alimony in this post-divorce proceeding. Of course, the defendant appeared in the separation and divorce proceedings thereby subjecting himself to the personal jurisdiction of the trial court. Had the trial court properly granted unto the plaintiff an award of permanent alimony, the court would have continuing jurisdiction to modify the decree in the future. Imperial v. Hardy, 302 So.2d 5 (La.1974). In such a case, the appointment of an attorney-at-law to represent an absentee party under LSA-C.C.P. Art. 5091[2] would be proper.
However, in the present case, there was no adjudication of fault and no valid award of permanent alimony. The award of alimony pendente lite terminated upon the judgment of the divorce. Lewis, supra. It cannot be said that the trial court maintained continuing jurisdiction by virtue of an alimony award made in the divorce judgment. Therefore, there is no continuing personal jurisdiction over this nonresident defendant.
*644 Because there is no continuing personal jurisdiction over the nonresident defendant, the trial court lacked jurisdiction to set or increase an award of permanent alimony. Accordingly, the judgment of the trial court must be reversed and set aside.
CONCLUSION
For the above stated reasons, we reverse and vacate the trial court judgment awarding the plaintiff post divorce alimony.
REVERSED.

. The amount awarded to the plaintiff in the judgment appears to be a typographical error. The judgment itemizes community obligations plaintiff is to pay out of this award. The list totals the sum of $459.21 which she prayed for.

. LSA-C.C.P. Art. 5091 provides in pertinent part:
The court shall appoint an attorney at law to represent the defendant, on the petition or ex parte written motion of the plaintiff, when:
(1) It has jurisdiction over the person or property of the defendant, or over the status involved, and the defendant is: (a) a non resident or absentee who has not been served with process, either personally or through an agent for the service of process, and who has made no general appearance....