STEWART, Judge.
The defendant, Marvin L. Crawford, appeals a trial court judgment making past due child support executory in the amount of $23,700, awarding ten percent of that amount as attorney’s fees, and finding him in contempt of court and suspending imposition of sentence therefor pending further orders of the court. Mr. Crawford urges reversal based on the argument that the court had no jurisdiction over him and thus any judgment on the rule to accrue is a nullity and therefore unenforceable. For the reasons assigned, we affirm.
On January 13, 1984, Marvin L. Crawford filed suit in Franklin Parish against Melody Crawford seeking a separation from bed and board. A judgment of separation was rendered in Marvin Crawford’s favor on March 26, 1984 and signed and filed on April 13, 1984. The separation judgment granted the parties joint custody of their three children and provided that in the event Marvin Crawford gained employment, he would pay a reasonable amount of child support and one-half of weekly medical and hospital insurance premiums.
On March 19, 1985, Melody Crawford filed for divorce in Louisiana and alleged that Marvin Crawford was a nonresident living in Texas. Mrs. Crawford provided a last known address in Alvin, Texas. A curator ad hoc was appointed to represent Mr. Crawford in accordance with LSA-C. C.P. Art. 5091. In the divorce petition, Melody Crawford sought custody of the minor children and $400 per month child support. The curator answered the petition and alleged that he had made a reasonable effort to locate Marvin Crawford at his last known address in Alvin, Texas. The curator had no contact with Mr. Crawford.
On April 22, 1985, a judgment was rendered and signed awarding Melody Crawford a divorce, custody of the three minor children, and $400 per month child support. The judgment was signed by the curator who approved it as to form only.
Melody Crawford (remarried and now Melody Crawford Barr) filed a rule on March 30, 1990 to make past due child support executory, for attorney’s fees, and for contempt. The rule was set for hearing on April 16, 1990 and heard on that date. Marvin Crawford was served in Louisiana with notice of the rule. He was present in court and was represented by counsel at the April 16, 1990 hearing. Mr. Crawford objected to the jurisdiction of the court by arguing that the court had no jurisdiction over his person and thus the proceedings were null and void. The trial court noted that no exception to jurisdiction or any *820 other pleading contesting the jurisdiction of the court had been filed in connection with the proceedings. The trial court overruled the objection to jurisdiction reasoning that the court had continuing jurisdiction over Mr. Crawford.
Defense counsel introduced a proffer of evidence to show that Melody Crawford Barr had not made any contact with Marvin Crawford prior to her filing the rule. The record reveals that no contact was made by Melody Crawford Barr with Mr. Crawford, however, the last known address in Alvin, Texas which was given to the curator by her was an address at which he had lived at one time. During the hearing, testimony was adduced establishing a prima facie case of the past due amount of $23,700 subject to credit for a $300 payment made by Mr. Crawford in March 1990.
Mr. Crawford appeals as error the trial court’s overruling of his objection to jurisdiction. Marvin Crawford cites Tatum v. Tatum, 508 So.2d 640 (La.App.2d Cir.1987); Hirsch v. Hirsch, 378 So.2d 539 (La.App. 4th Cir.1979), in support of the proposition that the trial court cannot render a judgment of child support against a defendant who was served through a curator ad hoc.
Marvin Crawford’s reliance on the cited cases is misplaced. Tatum v. Tatum, supra, and Hirsch v. Hirsch, supra, are both factually distinguishable from the case at bar. The controlling law is found in Parker v. Parker, 382 So.2d 201 (La.App.2d Cir.1980). In Parker, the court reversed an exception of lack of jurisdiction over the person of a former wife. The court held that where a litigant has been subject to the personal jurisdiction of the court in a case where a custody award had been made, jurisdiction continues as to those matters directly related to the custody and best interests of the child including the all important elements of child support, even though child support was not at issue in the initial proceeding. The Parker panel comprehensively discussed the origin of the doctrine of continuing jurisdiction and its congruence with the due process requirements of the United States and the Louisiana Constitutions. This court in Parker specifically declined to follow Hirsch, supra, wherein that court declined to apply the principle of continuing jurisdiction.
In the instant case, Mr. Crawford filed the initial separation proceeding as the plaintiff when he was a resident of the state of Louisiana and subject to the court’s jurisdiction. The separation judgment, in addition to terminating the community regime between the parties, provided for the setting of child support at such time as Mr. Crawford should become employed. The court had continuing jurisdiction over both parties to modify or set any child support award emanating from the separation judgment. In accordance with the rationale in Parker, the trial court had continuing jurisdiction to award child support in the divorce proceeding in the amount of $400 per month based on the language of the 1984 separation judgment, “[i]n the event husband gains employment, he agrees to pay unto the mother a reasonable amount of support for the children.” The court further finds that service on Mr. Crawford through an attorney at law appointed under LSA-C.C.P. Art. 5091 was adequate.
The trial court record provides an adequate, factual basis for the court’s judgment making past due arrearages exec-utory and for taxing Mr. Crawford with attorney’s fees in the amount of ten percent. The ten percent sum of attorney’s fees appears reasonable under the circumstances. The court’s finding of Mr. Crawford in contempt of court is adequately based on the record and is hereby affirmed. The trial court’s judgment is affirmed with costs taxed against Marvin L. Crawford.
AFFIRMED.