STATE v. ATWOOD O. LYNCH.

*(September* 8, 1942.)

TERRY, J., sitting.

*Daniel J. Layton, Jr.,* Deputy Attorney-General, for the State.

*James M. Tunnell, Jr.,* for the defendant.

Court of General Sessions for Sussex County, October Term, 1941.

TERRY, J.:

The State argues that the plea of guilty entered by Lynch in this Court on July 27, 1940, definitely established as of that date the matrimonial domicile, and, as Mrs. Lynch has not resided outside of Delaware subsequent to that date, Lynch is estopped in this Court to contend otherwise; consequently, the final decree in divorce in Maryland based upon substituted service or service by publication, while enforceable in Maryland, is not entitled to the obligatory enforcement by this Court in virtue of the full faith and credit

clause of the Federal Constitution. *Haddock v. Haddock*, 201 U. S. 562, 26 S. Ct., 525, 50 L. Ed. 867, 5 *Ann. Cas.* 1.

Irrespective of my views concerning the conclusions as reached in the Haddock case, it is apparent that full faith and credit must be given to a decree in divorce entered by a Court of competent jurisdiction of another State, wherein the statutes pertaining to jurisdiction are found to be in substantial conformity with the jurisdictional provisions of the statutes of this State. The statutory law is found in Chapter 86 of the Revised Code of Delaware, 1935.

Section 29 of said Chapter is as follows:

"3525. Sec. 29. Decrees of Foreign Courts; Full Faith and Credit Given to, When; Divorce Secured by Inhabitant of This State in Foreign Court for Cause Arising While Residents of This State or for Cause Not Competent in This State; Without Force in This State:—Full faith and credit shall be given in all the Courts of this State to a decree of annulment of marriage or divorce by a court of competent jurisdiction in another State, territory, or possession of the United States when the jurisdiction of such Court was obtained in the manner and in substantial conformity with the conditions prescribed in Sections 8, 9, 10 and 11 of this Chapter. Nothing herein contained shall be construed to limit the power of any Court to give such effect to a decree of annulment or divorce by a court of a foreign country as may be justified by the rules of international comity: Provided, that if any inhabitant of this State shall go into another state, territory or country in order to obtain a decree of divorce for a cause which occurred while the parties resided in this State, or for a cause which is not ground for divorce under the laws of this State, a decree so obtained shall be of no force or effect in this State."

The jurisdictional question before me concerns service

by publication or constructive service. Sections 8 and 9 are not relevant, as the provisions thereof pertain solely to cases where personal service is obtained.

Section 10 of said Chapter is as follows:

"3506. Sec. 10. Jurisdiction Acquired by Publication; When; How:—When the defendant cannot be served personally within this State, and when at the time of the commencement of the action the plaintiff is a bona fide resident of this State, an alias summons shall issue to the second term next after issuing the original writ, which the sheriff shall publish for one month in such newspapers of the county, one or more, as he may judge best for giving the defendant notice; and the case may then proceed to trial with or without the defendant's appearance, subject to the provisions in the next succeeding section."

Section 11 of said Chapter is as follows:

"3507. Sec. 11. Publication to Be Followed by Notice to Defendant Without the State; Conditions Stated:—When the defendant cannot be served personally within this State, and when at the time of the commencement of the action the plaintiff is a bona fide resident of this State, jurisdiction for the purpose of divorce, whether absolute or from bed and board, may be acquired by publication as hereinbefore provided, to be followed where practicable by service upon or notice to the defendant without this State, under the following conditions:

"(a) When, at the time the cause of action arose, the plaintiff was a bona fide resident of this State, and has continued so to be down to the time of the commencement of the action; except that no action for absolute divorce shall be commenced for any cause other than adultery or bigamy, unless the plaintiff has been for the two years next preceding

the commencement of the action a bona fide resident of this State.

"(b)    When, since the cause of action arose, the plaintiff has become, and for at least two years next preceding the commencement of the action has continued to be, a bona fide resident of this State: Provided that the cause of action alleged was recognized in the jurisdiction in which the plaintiff resided at the time the cause of action arose, as a ground for the same relief asked for in the action in this State.".

The statutory law of Maryland relative to jurisdiction in divorce cases in operation as of the date of service herein was as follows:

Paragraph 38 of Article 16 of the Annotated Code of Maryland, 1939:   "The courts of equity of this State shall have jurisdiction of all applications for divorce; and any person desiring a divorce shall file his or her bill in the court, either where the party plaintiff or defendant resides; or if the party against whom the bill is filed be a non-resident, then such bill may be filed in the court where the plaintiff resides; and upon such bill the same process by summons, notice or otherwise shall be had to procure the answer and appearance of a defendant, as is had in other cases in chancery; and in all cases, where, from the default of the defendant, a bill for divorce may be taken pro confesso, the court shall order testimony to be taken and shall decide the case upon the testimony so taken."

Paragraph 149 of Article 16 of the Annotated Code of Maryland, 1939:    "In all suits in chancery against non-residents or against persons who may be proceeded against, as if they were non-residents, the court may order notice to be given by publication, in one or more newspapers, stating the substance and object of the bill or petition, and warning such party to appear on or before the day fixed in such order and show cause why the relief prayed should not be granted,

and such notice shall be published as the court may direct, not less, however, than once a week for four successive weeks, previous to fifteen days before the day fixed by such order for the appearance of the party; provided, if a copy of the order be personally served on such party one month before the day fixed for his appearance, if he be within the limits of the United States, or three months if beyond, such service shall have the same effect as a publication. Proof of said service must be as follows: First, if served by the sheriff, his certificate thereof; second, if by any other person, his affidavit or affirmation thereof made and signed before a notary public and certified by him; third, the written admission of the defendant proved to the satisfaction of the court; and such certificate, affidavit, affirmation or admission shall state the time and place of service."

Paragraph 43 of Article 16 of the Annotated Code of Maryland, 1939: "No person shall be entitled to make application for a divorce, where the causes for divorce occurred out of this State, unless the party plaintiff or defendant shall have resided within this State for two years next preceding such application."

Identical expressions concerning the same subject matter are very seldom found to be adopted by Legislatures of various States; however, in enunciating the policy to be pursued, expressions concerning a given subject are often found to be similar in substance. The question now to be determined is whether or not the legislative acts of Delaware and Maryland concerning the respective divorce laws thereof contain a similarity of substance of sufficient import to say that the jurisdictional provisions as expressed are in substantial conformity.

An analysis of the two acts definitely reveals a similarity of purpose, and, while not couched in identical language, the substance of one must be said to be in con-

formity with the other. Now, unless the State is able to establish that the mandates of the Maryland statutes pertaining to jurisdiction were not met, or that the Maryland proceeding in divorce was tainted by fraud, I cannot escape the conclusion that comity, as suggested under Section 11 of Chapter 86 of the Revised Code of Delaware, 1935, should prevail.

Concerning the question as to whether or not the essential mandatory provisions of the Maryland statutes were met it should be sufficient to say that the State has not raised any question relative thereto.

From the facts and circumstances as presented I cannot determine that any act or omission on the part of Lynch would suggest a proper foundation for fraud. In the first place, it has not been shown that Lynch had not been a bona fide resident of Maryland for the statutory period prior to the institution of the divorce proceedings in that State. The mere fact that he entered a plea of guilty in this Court to an indictment charging him with desertion and nonsupport of his wife in Sussex County, Delaware, on July 27, 1940, and his compliance with the order made thereon until June 13, 1941, do not in and of themselves conclusively establish his place of residence as within this State between these dates. The entry of the plea on his part constituted, at the most, a solemn declaration of the truth of the allegations contained in the bill of indictment, which in any other proceeding had evidential value as an admission against interest. It can be presumed that a properly certified copy of the record of the proceedings in this State would have been admissible in the divorce proceedings for the purpose of showing the admission of any fact material to the trial of the issues therein. *Morrissey v. Powell, 304 Mass.* 286, 23 N. E. 2d 411, 124 A. L. R. 1522; 30 R. C. L. 1006; *Hendle v. Geiler,* Del. Super., 50 A. 632. However, the record of the proceeding in this State was not before the Mary-

land Court. If the record had been offered and admitted, it would be presumptuous to say just what weight would have been given it.

■ Jurisdiction having been acquired under the mandates of the Maryland statutes and no fraud on the part of Lynch having been shown I cannot escape the conclusion, under the theory of comity, that full faith and credit should be given to the final decree in divorce as entered by the Circuit Court of Worcester County on June 13, 1941. However, if the allegations in the petition, and the testimony supporting the same, were not in fact true, but based upon perjury, then Lynch assumed the legal complications and responsibilities attached thereto, and Mrs. Lynch will not be found to be without recourse in this Court, in the event she should be successful in causing to be nullified the final decree of divorce as entered against her by the Circuit Court of Worcester County, aforesaid.

■ The question now presented is, to what extent, if any, should the order, as entered by this Court on the 27th day of July, 1940, be modified? I am of the opinion that any payments under said order should be suspended as of the 13th day of June, 1941, until Mrs. Lynch has had an opportunity to take whatever action she might deem appropriate in seeking to nullify the final decree in divorce heretofore entered by the Circuit Court of Worcester County, Maryland. An order will therefore be entered suspending any payments under the order from the 13th day of June, 1941, down to and including the 15th day of September, 1942. In the event proceedings have been filed in Maryland and are pending as of that date, upon application, a proper extension at that time will be granted; otherwise, an order will be entered releasing Atwood O. Lynch from the payment of any money under said order from and after the 13th day of June, 1941.

For amendments concerning service by publication, although having no effect whatsoever upon this litigation, see *Laws of Maryland,* 1941; likewise, *Rules of Superior Court, Delaware, 2 Terry* (41 *Del.*).