351 So.2d 100 (1977)
Nell Holden GOLSON
v.
James E. GOLSON.
No. 59537.
Supreme Court of Louisiana.
October 10, 1977.
Robert R. Rainer, Baton Rouge, for plaintiff-applicant.
John R. Olds, Baton Rouge, for defendant-respondent.
SANDERS, Chief Justice.
Mrs. Nell Holden Golson filed a rule to collect the arrearage of alimony pendente lite due her from a judgment of separation rendered in the Family Court of East Baton Rouge Parish. Mr. Golson filed an exception of no right or cause of action based on a divorce he had obtained in Tennessee. The Family Court, recognizing the Tennessee divorce decree but declining to give it *101 immediate effect, overruled his exception and granted judgment in favor of Mrs. Golson. The Court of Appeal, partially reversing the Family Court, held that the Tennessee judgment should be recognized and given effect on the date presented to a Louisiana court in any type of proceeding. 341 So.2d 1229 (1976). On Mrs. Golson's application, we granted writs to review the Court of Appeal judgment. La., 344 So.2d 673 (1977).
We are called upon to determine the duration of Mrs. Golson's alimony pendente lite. In Louisiana, alimony pendente lite is defined as support for the wife during pendency of suit for separation or divorce; this support terminates upon final divorce. LSA-C.C. arts. 148, 160; White v. Morris, 236 La. 767, 109 So.2d 87 (1959); Eals v. Swan, 221 La. 329, 59 So.2d 409 (1952); Smith v. Smith, 217 La. 646, 47 So.2d 32 (1950).
The parties have stipulated the following facts pertinent to the resolution of the case:
"1. On April 15, 1975, a Judgment of Separation was rendered by [the Family Court, Parish of East Baton Rouge] in favor of James E. Golson, granting him a judgment of separation on his Reconventional Demand filed herein on December 9, 1974."
" * * *
"5. On August 5, 1975 James E. Golson obtained a Judgment of Divorce in the matter entitled `James E. Golson vs. Nell Rose Holden Golson' on the docket of the Court of General Session in and for the County of Hardin, State of Tennessee.
" * * *
"7. Nell Holden Golson was not represented by counsel in said Tennessee proceedings; Nell Holden Golson did not make an appearance either personally or through counsel in said proceedings; she did not waive service of process or her right to be present or represented in said proceedings; she was not present in the State of Tennessee at the time said suit was filed nor has she been present in the State of Tennessee since the filing of said suit; the Court in Tennessee did not appoint an attorney at law to represent her therein.
"8. At all times pertinent to this Rule, Nell Holden Golson has continuously resided in the community-owned home at 3135 Woodcrest drive, Baton Rouge, Louisiana, and James E. Golson knew of her residence and whereabouts at the time the Tennessee suit was filed and at the time the Tennessee Judgment of Divorce was rendered and signed.
"9. The Tennessee Judgment of Divorce was obtained ex parte by James E. Golson, and by default.
"10. The Tennessee Judgment of Divorce makes no mention of alimony pendente lite or other maintenance and support obligation on the part of James E. Golson, but is silent as to that issue.
"11. The only service made upon Nell Holden Golson in the Tennessee proceedings was `constructive service,' i. e., an advertisement appearing in newspaper published in the City of Savannah, Tennessee, the city in which the Tennessee Court is situated, for a period of four (4) consecutive weeks."
In essence, the issue presented is the effect of the Tennessee divorce decree on Mrs. Golson's right to alimony pendente lite.
Article 4, Section 1 of the United States Constitution provides:
"Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."
Pursuant to this grant of authority, Congress enacted the following statute:
"The Acts of the legislature of any State, Territory, or Possession of the United States, or copies thereof, shall be authenticated by affixing the seal of such State, Territory, or Possession thereto.
"The records and judicial proceedings of any court of any such State, Territory *102 or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

"Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." [Emphasis supplied.] 28 U.S.C. 1738.
Under the statute, therefore, Louisiana should give the Tennessee divorce the same effect that Tennessee would give it. New York v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133 (1947); Morris v. Jones, 329 U.S. 545, 67 S.Ct. 451, 91 L.Ed. 488 (1947).
From the Tennessee Supreme Court decision in Baggett v. Baggett, Tenn., 541 S.W.2d 407 (1976), it is clear that the divorce judgment here would be given no effect in Tennessee. Rather, the court would decree it to be null because of a denial of due process to the absent wife.
The relevant facts in Baggett v. Baggett, supra, are as follows:
Mr. Baggett obtained a Tennessee divorce from his wife, Mary. As alleged in his petition, Mary was a Florida resident. The only notice of the filing of the suit was publication in a county newspaper as provided by T.C.A. § 21-218. Mary never received actual knowledge of the suit. The court granted Mr. Baggett a divorce. Thereafter, he remarried. Shortly after this marriage, Mr. Baggett died. Subsequent to his death, Mary received notice of the divorce.
Three years after the divorce, Mary filed suit to nullify the Tennessee divorce judgment, and to be recognized as Mr. Baggett's widow. Such a recognition would entitle her to Veterans' benefits. See 10 U.S.C. 1072(2)-(2)(B). The Tennessee Supreme Court, after resolving a threshold issue of justiciability, held:
". . . that the failure of the Chancery Court in the divorce case to direct a notice of the divorce proceeding to Mary Baggett at her last known mailing address in Miami, Florida, deprived her of the due process right to receive notice and have an opportunity to be heard, since, as found by both lower courts, her husband, the plaintiff in the divorce action, knew or easily could have ascertained her mailing address in Miami."
At the time both the Baggett and Golson divorce decrees were rendered, Tennessee law provided that the Court was to give additional notice by mail if the address of the non-resident party was known or could be easily ascertained. T.C.A. § 36-805. Tennessee Code Annotated § 21-218, however, provided that the Court's failure to give the notice would not invalidate the proceedings. In Baggett, the Tennessee Supreme Court held T.C.A. § 21-218 unconstitutional insofar as it "may be considered to relieve the Court of the obligation to give such notice to a non-resident defendant. . . ."
As previously observed, the notice of the divorce suit here was only published in a Tennessee County newspaper. The publication did not afford Mrs. Golson actual notice. In fact, she had no actual notice of the divorce proceedings until after the court rendered the final divorce. Both prior to and at the final judgment, Mr. Golson knew that Mrs. Golson was residing in the community-owned home in Baton Rouge, Louisiana. Indeed, Mr. Golson set forth his wife's correct address in his petition to the Tennessee court, but the court failed to give her the notice required in the Tennessee statute.
Inasmuch as the Tennessee divorce would have no effect in Tennessee, where it was rendered, it has no effect in Louisiana upon *103 Mrs. Golson's right to alimony pendente lite.[1]
In oral argument to this Court, both parties conceded that Mr. Golson later obtained a decree of final divorce from a Louisiana court of competent jurisdiction. As alimony pendente lite ceases upon a decree of final divorce, we must remand the case to the Family Court for the cumulation of alimony in light of the Louisiana divorce decree.
For the reasons assigned, the judgment of the Court of Appeal is reversed, annulled, and set aside, and the case is remanded to the Family Court of the Parish of East Baton Rouge for further proceedings in accordance with law and the views herein expressed.
NOTES
[1] Due to our finding the foreign divorce invalid under Tennessee law, a resolution of the issue of whether Mr. Golson properly presented his judgment for recognition in a Louisiana court is unnecessary. LSA-C.C.P. art. 2541. Neither do we reach the question of the applicability of the divisible divorce doctrine treated by the Court of Appeal. See Estin v. Estin, 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561 (1948).