FORET, Judge.
This is an action by Carolyn Ann Shockley Lewis (Plaintiff) seeking to make execu-tory past due alimony pendente lite for herself and the support of the children of her marriage to Robert Lee Lewis, Jr. (Defendant).
The defendant brings this appeal from a judgment of the trial court in favor of plaintiff.
The issue is whether a valid judgment of divorce rendered by a Texas court has the same effect with regard to the termination of alimony pendente lite under Louisiana law as does a valid judgment of divorce rendered by a Louisiana court.
*427 FACTS
The following is a chronological listing of the significant events in this action:
1) November 15, 1976 — Petition for separation filed by plaintiff in Rapides Parish, Louisiana.
2) December 14, 1976 — Judgment of separation in favor of plaintiff.
3) January 20, 1977 — Judgment on rule awarding plaintiff child support at $325.00 per month commencing January 1, 1977.
4) February, 1977 — Defendant travels to Texas, lives with brother-in-law, and looks for a job while still employed in Rapides Parish, La.
5) April, 1977 — Attempted reconciliation between the parties.
6) April 25, 1977 — Defendant moves to Texas, starts working there, and establishes a domicile.
7) July 7,1977 — Second petition for separation filed by plaintiff in Louisiana with accompanying rule for alimony and child support.
8) July 11, 1977 — Defendant served in Louisiana.
9) September 15, 1977 — Defendant files suit for divorce in Texas.
10) September 29, 1977 — Plaintiff served in Louisiana with defendant’s Texas divorce suit.
11) October 21,1977 — Judgment on Louisiana rule awarding plaintiff child custody, $375.00 per month child support and $100.00 per month pendente lite alimony effective September 15, 1977.
12) January 18, 1978 — Divorce judgment granted defendant ex parte in Texas requiring him to pay plaintiff $225.00 per month child support.
13) September 13,1979 — Petition filed by plaintiff to make past due alimony and child support executory plus raise child support to $600.00 per month. (By agreement of the parties, the issue of the increase in child support was not to be heard by the trial court at this time.)
14) October 8, 1979 — Plea of abatement filed by defendant.
Plaintiff and defendant were married in Melder, Louisiana, on November 7, 1964. There were three children born of this marriage: Chadwick Nathan Lewis; Tate Jerome Lewis and Rebecca Nanette Lewis, all presently minors.
Plaintiff obtained a judgment on October 21, 1977, on a rule she had previously filed in a separation proceeding which ordered the defendant to pay alimony pendente lite in the sum of $375.00 per month for support of the children, and $100.00 per month for plaintiff.
The defendant then obtained a judgment of divorce from a court of the State of Texas on January 18, 1978, which required him to pay $225.00 per month child support and made no mention of alimony for plaintiff. The defendant stopped paying the alimony pendente lite ordered by the Louisiana court and began paying the child support ordered by the Texas court.
The plaintiff filed a rule on September 13, 1979, to make the alleged past due alimony pendente lite executory. The defendant met plaintiff’s demand with a plea of abatement, and the trial court held hearings on the rule on February 4,1980, and February 12, 1980. The parties entered into a joint stipulation which was filed on June 6, 1980, in which they agreed that the alleged arrearages in alimony pendente lite for plaintiff and the support of the children totaled $6,750.00.
The trial court rendered judgment in favor of plaintiff on June 12, 1980, and ordered the back due alimony pendente lite made due and exigible. The defendant was granted a devolutive appeal from that judgment.
EFFECT OF TEXAS JUDGMENT OF DIVORCE
The trial court found that defendant-appellant had obtained a valid judgment of divorce in the State of Texas on June 18, 1978. Plaintiff-appellee has raised no issue regarding this finding on appeal, and we affirm.
*428 Appellant argues that, as a matter of Louisiana procedural law, once a final divorce is obtained, be it by decree of a Louisiana court or a court of a sister state, the effect is the same. That is, any suit for separation between those two parties and all incidents of that suit are abated and rendered moot.
It is appellant’s contention that when he obtained the divorce decree from the Texas court, the effect was that the award of alimony pendente lite, being an incident of the suit for separation, was abated or terminated; therefore, appellee has no cause of action to seek arrearages for alimony pendente lite which she claims accrued after appellant had obtained a final judgment of divorce.
It is unnecessary to bring an action to terminate alimony pendente lite when a judgment of divorce has been rendered. It is terminated by operation of law. Our Supreme Court recognized this in Halcomb v. Halcomb, 352 So.2d 1013 (La.1977), when it stated on page 1016 that:
“... alimony pendente lite is terminated by the signing of a final judgment of divorce when the divorce decree makes no mention of future alimony...”
See also Bruner v. Bruner, 373 So.2d 971 (La.App. 2 Cir. 1979); Davidson v. Jenkins, 216 So.2d 682 (La.App. 3 Cir. 1968); Worley v. Worley, 247 So.2d 254 (La.App. 3 Cir. 1971).
The same principle applies when dealing with child support awarded incidental to a separation or divorce proceeding. Our Supreme Court, in White v. Morris, 109 So.2d 87 (La.1959), stated on pages 88 and 89 that:
“It is well settled that a judgment requiring payment of alimony pendente lite is automatically terminated and of no further effect after the rendition of a final decree of divorce. Bowsky v. Silverman, 184 La. 977, 168 So. 121; Bienvenue v. Bienvenue, 186 La. 429, 172 So. 516; Eals v. Swan, 221 La. 329, 59 So.2d 409.
Although the dissolution of marriage does not dissolve the obligation of support for the children, yet this obligation must be judicially enforced and until that is done there can be no recovery of alimony. The alimony awarded during the penden-cy of a suit for divorce ceases upon the rendition of a final judgment of divorce. Bowsky v. Silverman, supra. In the Bow-sky case the alimony awarded pendente lite was not only for the support of the wife but for the support of a minor son.” See also Fellows v. Fellows, 267 So.2d 572 (La.App. 3 Cir. 1972); Tisby v. Tisby, 382 So.2d 1053 (La.App. 2 Cir. 1980); Kennedy v. Kennedy, 261 So.2d 657 (La.App. 4 Cir. 1972).
It is clear that if appellant had obtained a valid judgment of divorce from a Louisiana court that his alimony pendente lite obligations would have terminated by operation of Louisiana law. We find that the result should be the same when a valid divorce decree is obtained by a party from the courts of a sister state.
Hampson v. Hampson, 271 So.2d 898 (La. App. 2 Cir. 1972) dealt with the effect of a valid Arkansas judgment of divorce on child support awarded as an incident to a Louisiana separation proceeding. There, on page 905, the Court stated that:
“The Arkansas divorce judgment rendered in May, 1968, had the effect of abating the Louisiana separation proceedings and all incidents thereto including the judgment for child support. Starkey v. Starkey, 209 So.2d 593 (La.App. 1st Cir. 1967). Certainly the obligation of the father to support and maintain his children as prescribed by LSA-Civil Code Article 227 continued, but it was necessary for the mother with custody to bring a separate action to enforce the parental obligation of support for the children. Plaintiff was not entitled to an executory judgment for child support payments accruing after the effective date of the Arkansas divorce judgment.”
See also Adoption of Hakenjos, 343 So.2d 1201 (La.App. 4 Cir. 1977).
Appellee cites the case of Golson v. Golson, 341 So.2d 1229 (La.App. 1 Cir. 1976), *429 reversed, 351 So.2d 100 (La.1977). The husband in that case had been ordered to pay his wife alimony in a judgment of separation which he had obtained. Subsequently, he moved to Tennessee, and there secured a judgment of divorce. The decree was silent as to alimony pendente lite or any other type of maintenance or support obligation on the part of the husband. The husband failed to pay alimony pendente lite after the divorce judgment was rendered and the wife sued to collect the arrearage.
The Louisiana First Circuit Court of Appeal found the divorce to be valid and ruled in favor of the wife. However, the Louisiana Supreme Court in Golson v. Golson, supra, reversed and found the Tennessee divorce obtained by defendant’s husband to be invalid under Tennessee law. Therefore, the court did not reach the issue of the effect of a valid foreign divorce on alimony pendente lite awarded by a Louisiana court. As such, Golson is of no comfort to plaintiff-appellee in the case sub judice.
Appellee argues that to allow a Texas court to modify or terminate an award of alimony pendente lite under the circumstances of this case is to allow the Texas court to exercise in personam jurisdiction over her. The trial court expressed the same concerns in its reasons for judgment. We find these concerns to be based on a misunderstanding of the exact circumstances present here.
Appellee cites Estin v. Estin, 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561 (1948); Kreiger v. Kreiger, 334 U.S. 555, 68 S.Ct. 1221, 92 L.Ed. 1572 (1948); and Vanderbilt v. Vanderbilt, 354 U.S. 416, 77 S.Ct. 1360, 1 L.Ed.2d 1456 (1957) in support of her argument. We find these cases to be inapposite to the situation herein as in each of those cases the law of the state of domicile of the party seeking action provided for that type of action. Here, Louisiana law expressly provides that an award of alimony pendente lite automatically terminates upon the rendition of a final judgment of divorce.
For the above and foregoing reasons, the judgment of the trial court ordering appellant to pay to appellee certain amounts as back due alimony pendente lite for appellee and for the children, which amounts accrued after the marriage was dissolved, is reversed, vacated and set aside.
All costs of this appeal and in the trial court are assessed against plaintiff-appel-lee.

REVERSED.