409 So.2d 279 (1981)
Mona Duhe HOWARD
v.
William Eugene HOWARD.
No. 11668.
Court of Appeal of Louisiana, Fourth Circuit.
July 8, 1981.
Rehearing Denied February 19, 1982.
Robert R. Faucheaux, Jr., Reserve, for plaintiff-appellant.
Harry R. Morgan, Luling, for defendant-appellee.
Before SAMUEL, SCHOTT and GARRISON, JJ.
SAMUEL, Judge.
This matter is before us on exceptions of jurisdiction and venue. On November 16, 1978 a judgment of separation from bed *280 and board was rendered in the Parish of Richland (his domicile) to the plaintiff husband.[1] He also was granted the care, custody and control of the three minor children born of the marriage.
On August 10,1979 the wife was plaintiff in a divorce action she instituted against her husband in the Parish of St. John the Baptist, her domicile. Her petition also requested custody and child support. Judgment of divorce was rendered in her favor in this suit on October 1, 1979.[2] The divorce judgment is silent as to custody and child support. Thereafter, on October 8, 1979 the wife filed a motion for custody and child support in her suit in St. John the Baptist Parish. The husband then filed the declinatory exceptions of lack of jurisdiction and venue now before us. His exceptions are based upon the fact that he retains the custody granted him in the Parish of Richland, where the children always have been domiciled and where he and they still reside.
Following hearing thereon, judgment was rendered dismissing the exception as to jurisdiction, maintaining the exception of venue, and ordering the wife to transfer the matter or have the action dismissed. The wife has appealed.
Louisiana courts have jurisdiction over status in an action to obtain custody of a minor domiciled in the state. C.C.P. Art. 10(5). The related question of venue involves the determination of the proper parish in which an action may be brought.[3]
However, there is no specific provision in the Code of Civil Procedure governing venue in custody actions. Such actions are incidental to an action for separation or divorce and are generally brought in the parish of proper venue for the principal action.[4] Once the court's jurisdiction attaches, it continues for the purpose of modifying a custody judgment which is always subject to change.[5]
Since jurisdiction on the matter of custody first attached in the suit filed in the Parish of Richland (a court of proper venue under C.C.P. Art. 3941), as correctly found by the trial judge, the Richland court remains the proper forum to resolve this custody dispute.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.

ON APPLICATION FOR REHEARING
PER CURIAM.
In view of the Supreme Court case of Lewis v. Lewis, La., 404 So.2d 1230, which overrules prior jurisprudence and was handed down after our original opinion in the instant case, we correct terminology in our opinion.
In following prior jurisprudence, we said:
"However, there is no specific provision in the Code of Civil Procedure governing venue in custody actions. Such actions are incidental to an action for separation or divorce and are generally brought in the parish of proper venue for the principal action."
Since the Supreme Court now has said the obligation on the part of the parent to support a child does not arise from the marriage but from the act of paternity and *281 that a judgment awarding support for a child has a legally independent basis and is not a mere incident of a separation decree which terminates with the dissolution of the marriage, we conclude that custody (like support) has a legally independent basis and is not simply incidental to the action for separation or divorce.
The Lewis court further stated:
"If it is customary to deal with this matter in the same suit as that of divorce or separation, it is nevertheless true that it cannot be identified with the subject matter of the divorce or separation suit or be considered incidental to it. See Pascal, The Work of the Louisiana Supreme Court for the 1955-1956 Term-Persons, 17 La.L.Rev. 303, 311 (1957). Our previous opinions holding that support awarded to minor children ceases upon the rendition of a judgment of divorce were in error and are overruled to the extent they are inconsistent herewith. White v. Morris, supra [236 La. 767, 109 So.2d 87 (1959)]; Thorton v. Floyd, 229 La. 237, 85 So.2d 499 (1956); Bowsky v. Silverman, supra [184 La. 977, 168 So. 121 (1936)]."
In our view, the custody awarded in the separation decree in the Parish of Richland, being independent of the separation action, did not fall when the divorce granted in St. John the Baptist Parish was silent as to custody and, under the limited facts in the instant case, the proper venue for a change of custody rule continued in the Parish of Richland, particularly since that parish is and always has been the domicile of the children involved.
Appellant's application for a rehearing is denied.
REHEARING DENIED.
NOTES
[1] Proceeding No. 21,702 filed in the Fifth Judicial District Court, Parish of Richland, State of Louisiana, entitled "William Eugene Howard vs. Mona Lisa Duke Howard".
[2] The judgment was signed October 8, 1979.
[3] LSA-C.C.P. Art. 3941, places non-waiverable venue for an action for separation or divorce in a parish where either party is domiciled or in the parish of the last matrimonial domicile and a judgment rendered in any other court is an absolute nullity. Both the suit for separation, filed at the husband's domicile and the wife's suit for divorce, filed at her domicile, thus meet the criteria.
[4] See Perez v. Perez, La.App., 359 So.2d 1136.
[5] Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321; Wheeler v. Wheeler, 184 La. 689, 167 So. 191; Lukianoff v. Lukianoff, 166 La. 219, 116 So. 890; Pullen v. Pullen, 161 La. 721, 109 So. 400; Webb v. Webb, La.App., 357 So.2d 1288; De-Fatta v. DeFatta, La.App., 352 So.2d 287; Anthony v. Anthony, La.App., 288 So.2d 694; Graves v. Graves, La.App., 122 So.2d 350.