404 So.2d 1230 (1981)
Carolyn Ann Shockley LEWIS
v.
Robert Lee LEWIS, Jr.
No. 81-C-1082.
Supreme Court of Louisiana.
September 28, 1981.
*1232 Glynn W. Reynolds, Alexandria, for plaintiff-applicant.
James C. Downs, of Downs & Downs, Alexandria, for defendant-respondent.
DENNIS, Justice.
This case, here on certiorari to the Third Circuit Court of Appeal, presents an important question under the Full Faith and Credit Clause and state law. It is whether a Louisiana decree in a separation proceeding awarding plaintiff $100 per month alimony pendente lite and $375 per month child support survived a Texas divorce decree which was subsequently granted to the defendant.
The parties were married in 1964 and lived together in Louisiana until they separated on September 25, 1976. In 1977 the wife filed a separation suit in the Ninth Judicial District Court for Rapides Parish and obtained an order awarding her custody of the three minor children born of the marriage, $375 per month child support and $100 per month alimony pendente lite. The husband had entered a general appearance in these proceedings.
The husband moved to Texas and instituted an action for divorce. The wife was served in Louisiana with a copy of the divorce petition but entered no appearance in the Texas proceedings. In January, 1978, the Texas court, finding that defendant had been a bona fide domiciliary of Texas for the preceding six months, granted him an absolute divorce and ordered him to pay $225 per month child support. The judgment was silent as to alimony.
After entry of the Texas decree the defendant ceased paying alimony and reduced his child support payments to $225 per month. Thereupon the wife filed a rule against the husband to make executory past due alimony and child support under the pendente lite judgment. Defendant appeared in the action and filed a plea of abatement maintaining that the alimony and child support provided by the Louisiana judgment had terminated by reason of the Texas decree. The trial court denied the motion and granted plaintiff judgment for the arrears. The judgment was reversed by the court of appeal which held that the Louisiana awards of alimony pendente lite and child support were dissolved by the Texas decree. 395 So.2d 426.
A divorce decree granted by a state to one of its domiciliaries is entitled to full faith and credit in another state insofar as it affects the marital status of the parties, even though the forum did not have personal jurisdiction over the other spouse. U.S.Const. art. 4, § 1; Estin v. Estin, 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561 (1948); Williams v. North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279 (1942) (Williams I). While the finding of domicile by the court that granted the decree is entitled to prima facie weight, it is not conclusive in a sister state but might be relitigated there. Williams v. North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945) (Williams II); Esenwein v. Commonwealth of Pennsylvania, 325 U.S. 279, 65 S.Ct. 1118, 89 L.Ed. 1608 (1945). The latter course was followed in this case, as a consequence of which the Louisiana trial court found, in accord with the Texas court, that defendant was a bona fide domiciliary of Texas. The result in this situation is to make the divorce divisibleto give effect to the divorce decree insofar as it affects marital status and to make it ineffective as to those issues over which the Texas court lacked jurisdiction, i. e., alimony and child support. Estin v. Estin, supra..
Consequently, whether a foreign ex parte divorce decree affects the alimony provisions of a prior separation decree of another state depends ultimately upon that state's local law. If under the local law of the prior separation forum a valid divorce does not automatically terminate the alimony order, a valid foreign ex parte divorce decree cannot affect the alimony award. On the other hand, in those jurisdictions *1233 where prior alimony orders automatically terminate upon divorce, a valid divisible foreign decree brings the alimony to an end because the decree must be given full faith and credit insofar as it affects marital status. See R. Leflar, American Conflicts Law § 227 (3d ed. 1977); Krauskopf, Divisible Divorce and Rights to Support, Property and Custody, 24 Ohio St.L.J. 346 (1963); Morris, Divisible Divorce, 64 Harv.L.Rev. 1287 (1951); 49 A.L.R.3d 1266 (1973); see also Brady v. Brady, 151 W.Va. 900, 158 S.E.2d 359 (1967).
In Louisiana, alimony pendente lite, i. e., support for the wife during pendency of suit for separation or divorce, automatically terminates upon divorce. La.C.C. arts. 148, 160; Golson v. Golson, 351 So.2d 100 (La.1977); White v. Morris, 236 La. 767, 109 So.2d 87 (1959); Bienvenue v. Bienvenue, 186 La. 429, 172 So. 516 (1937); Bowsky v. Silverman, 184 La. 977, 168 So. 121 (1936). Accordingly, even though the Texas divorce decree in the present case is divisible, and has no direct effect on the provisions of alimony pendente lite and child support in the Louisiana judgment, its ultimate consequence is to terminate the alimony pendente lite because under Louisiana's own law this type of support ends with the marriage.
The question of when the spousal support provisions of a separation decree are effectively cut off, however, is res nova in this Court. See Golson v. Golson, 341 So.2d 1229 (La.App. 1st Cir. 1977) reversed on other grounds 351 So.2d 100 (La.1977). Some jurisdictions have taken the position that the right to support automatically terminates upon the effective date of the foreign divorce, since the marital relationship upon which the separate support is based is thereby dissolved. Brewster v. Brewster, 204 Md. 501, 105 A.2d 232 (1954); Jelly v. Jelly, 327 Mass. 706, 100 N.E.2d 681 (1951); Shaw v. Shaw, 332 Ill.App. 442, 75 N.E.2d 411 (1947); State v. Lynch, 42 Del. 95, 28 A.2d 163 (1942). See also, 49 A.L.R.3d 1308 (1973). Other courts hold that the support provisions of the separate maintenance decree will remain in effect until the foreign divorce is brought to the attention of the support court. Jackson v. Jackson, 200 A.2d 380, (D.C.App.1964); Bloedorn v. Bloedorn, 64 App.D.C. 199, 76 F.2d 812, cert. den. 295 U.S. 746, 55 S.Ct. 658, 79 L.Ed. 1691 (1935). See also, 49 A.L.R.3d 1309 (1973). Since there is no express law on the issue, we are bound to proceed and decide according to equity. La.C.C. art. 21.
Endeavoring to decide equitably, we conclude that a valid foreign ex parte divorce is effective to terminate a prior Louisiana spousal support order only when that divorce is brought to the attention of this jurisdiction by the filing of a duly authenticated copy of the judgment in a Louisiana court either in a separate ordinary proceeding to have the decree recognized and made the judgment of a Louisiana court, or as a defense in the recipient's action for arrearages, the result being that the recipient spouse will be allowed to recover as arrearages all those payments which fell due after the effective date of the divorce up to the time that the support-providing spouse brings appropriate proceedings in a Louisiana court. A divorce terminates alimony pendente lite, but it does not necessarily cut off the right to alimony after divorce. When a needy spouse has not been at fault, he or she has a right to alimony after divorce, which shall not be denied on the ground that one spouse obtained a valid divorce in a court of another state or country which had no jurisdiction over the person of the claimant spouse. La.C.C. art. 160. A requirement that pleadings be filed in this state before a valid ex parte foreign divorce may operate to terminate alimony pendente lite does not place an undue burden on the non-resident spouse. At the same time, it promotes an early determination of the jurisdictional validity of foreign divorces which often is in the interest of both parties. But, most importantly, it will help prevent the interruption of spousal support in those cases in which the recipient has not been at fault and is in need of support.
The parental obligation of child support, however, does not terminate with the dissolution of the marriage. The obligation on the part of the parent to support the child does not arise from the marriage *1234 but from the fact of paternity. La.C.C. art 227; State v. Seghers, 124 La. 115, 49 So. 998 (1909); 1 M. Planiol, Civil Law Treatise, pt. 2, § 1681 at p. 40 (12 ed. La.St.L.Inst. Transl.1959). The divorce of the parents "shall not in any case deprive the children born of the marriage, of any of the advantages which were secured to them by law, or by the marriage contract of their father and mother. * * *" La.C.C. art. 158. In fact, the obligation of the parents to support their dependent children is one of the circumstances which the court must consider in determining the entitlement and amount of alimony after divorce. La.C.C. art. 160. Accordingly, the judgment awarding support for a child has a legally independent basis and is not a mere incident of the separation decree which terminates with the dissolution of the marriage. If it is customary to deal with this matter in the same suit as that of divorce or separation, it is nevertheless true that it cannot be identified with the subject matter of the divorce or separation suit or be considered incidental to it. See Pascal, The Work of the Louisiana Supreme Court for the 1955-1956 TermPersons, 17 La.L.Rev. 303, 311 (1957). Our previous opinions holding that support awarded to minor children ceases upon the rendition of a judgment of divorce were in error and are overruled to the extent they are inconsistent herewith. White v. Morris, supra; Thorton v. Floyd, 229 La. 237, 85 So.2d 499 (1956); Bowsky v. Silverman, supra.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed. The judgment of the trial court cannot be reinstated, however; a new decree must be entered fixing the effective date of the foreign divorce decree, terminating alimony pendente lite, cumulating child support and rendering judgment in accordance with this opinion. The case is remanded for this purpose.
REVERSED AND REMANDED.
MARCUS, J., concurs in part and dissents in part and assigns reasons.
WATSON, J., dissents.
MARCUS, Justice (concurring in part and dissenting in part).
I agree with the majority's disposition relative to child support; however, I consider that the alimony pendente lite automatically terminated on the effective date of the foreign divorce. Accordingly, I concur in part and dissent in part.