CHEHARDY, Judge.
This is an appeal by plaintiff from a judgment dismissing her rule to make past-due child support executory, and for attorney’s fees and costs.
The record establishes the following facts: The parents were married in New Orleans in 1973 and thereafter established the matrimonial domicile in the Parish of East Baton Rouge. One child was born of the marriage in 1974. The parties separated on May 30, 1976, and the mother and child moved to New Orleans while the father remained in the family home in Baton Rouge.
On December 8, 1976 the father was granted a legal separation in East Baton Rouge Parish, by default, and his wife was granted custody and support for the minor in the sum of $150 per month.
In 1978 the mother filed suit for divorce in Jefferson Parish under LSA-R.S. 9:302. Her suit asked for custody but was silent as to child support, and judgment was granted in her favor on September 8, 1978.
In 1981 plaintiff filed a rule in the Jefferson Parish suit to make past-due child support payments executory, for attorney’s fees and for an increase in child support. She filed a later rule with an additional claim for contempt.
In answer to plaintiff’s rule the husband excepted to the jurisdiction, and filed a rule to suspend child support, for contempt, and to fix visitation.
Following trial of the various matters in the portions of the judgment with which we are here concerned, the trial judge was of the opinion he was without jurisdiction to enforce proceeding for noncompliance of a judgment of the court of another parish and thus refused to make executory any amounts due under the Baton Rouge decree which go beyond the date of the Jefferson Parish divorce. He awarded child support of $100 per month retroactive to July 24, 1981, the date of the filing in Jefferson Parish of the wife’s rule for child support. Plaintiff has appealed from that judgment.
*986 It is appellant’s position that the Jefferson Parish court had jurisdiction to make the child support payments rendered by the Baton Rouge court executory and that she is entitled to attorney’s fees and interest.
It is clear that the case of Lewis v. Lewis, 404 So.2d 1230, handed down by our Supreme Court in 1981, overruled the prior jurisprudence which had held that support to a minor ceased upon judgment of divorce unless that award was specifically continued in the divorce judgment. In Lewis the court held that an award for child support had a legally independent basis and was not a mere incident of the separation decree which terminated with the dissolution of the marriage. Under Lewis, therefore, the divorce decree did not terminate the father’s duty to support the child, and thus the award continued thereafter and plaintiff is entitled to have the back-due child support made executory.
However, we are here further concerned with the question of whether or not the Jefferson Parish court was the proper forum to make executory the judgment of the Baton Rouge court.
We are guided by the case of Howard v. Howard, 409 So.2d 279 (La.App. 4th Cir.1982). In Howard the husband obtained a legal separation and custody of the minor children in Richland Parish in 1978. The wife obtained a divorce in St. John the Baptist Parish in 1979. That judgment was silent as to custody. Thereafter the mother filed a rule to change custody in St. John the Baptist Parish and the husband excepted to jurisdiction and venue. The trial court maintained the exception and ordered the matter transferred to Richland Parish and the appellate court affirmed.
We conclude that the 19th Judicial District Court for the Parish of East Baton Rouge is the proper forum to make its own judgment executory.
For the reasons assigned the judgment appealed from is annulled and set aside and the matter is dismissed.
ANNULLED AND SET ASIDE; CASE DISMISSED.