JOHN S. COVINGTON, Judge Pro Tem.
Celeste Couvillion Sanchez (plaintiff) appeals from a judgment setting child support payments at two hundred and fifty ($250.00) dollars per month for two minor children, issue of her marriage to Steven Sanchez (defendant).
In a judgment of separation, plaintiff received custody of the children and an award of $250 per month child support. Subsequently, she sought a divorce, permanent custody and $600 per month child support. After a hearing, the trial judge granted the divorce and custody as requested, but awarded only $250 per month in child support. Plaintiff appeals only *25 that portion of the judgment setting the child support award.
Plaintiff assigns as error that: (1) the trial judge erred in failing to give effect to a “reservation of rights” incorporated in the judgment of separation, which reserved to each party the right to seek modification of the initial child support award without the burden of alleging or proving a change of circumstances; (2) the trial judge erred in failing to try the issue of child support de novo; and (3) the child support award is inadequate and constitutes an abuse of discretion. As the first assignment of error was not briefed, it is considered abandoned. Rule 2-12.4, Uniform Rules, Courts of Appeal.
We reverse and remand.
Plaintiff contends that the trial judge erred in failing to try the issue of child support de novo, and further that she was improperly required to show a change of circumstances in order to justify an increase in the child support award. She cites Castille v. Buck, 411 So.2d 1156 (La.App. 1st Cir.1982), for the proposition that a judgment for child support rendered in a separation proceeding becomes merged with a subsequent divorce decree, and by that merger becomes ineffective.
Initially, we note that the trial judge rendered neither oral nor written reasons for judgment, nor did she give any indication apparent in the record of the burden of proof to which she held the plaintiff on the issue in question. Plaintiffs argument is mere speculation, based upon the fact that the award remained the same as it had been, $250 per month.
While we are aware of jurisprudential authority for plaintiff’s position[1], we believe that the rationale of Lewis v. Lewis, 404 So.2d 1230 (La.1981), precludes adoption of her point of view. In Lewis, the Supreme Court held that although an award of alimony pendente lite terminates automatically upon judgment of divorce, the obligation to support a child does not. The court stated:
“Our previous opinions holding that support awarded to minor children ceases upon the rendition of a judgment of divorce were in error and are overruled to the extent they are inconsistent herewith.” Citations omitted. 404 So.2d 1230, 1234.
Although the court in Lewis did not determine the precise issue facing us here, its rationale supports our conclusion that any party seeking modification of an initial award of child support must show a change of circumstances to justify it. This applies to both custodial and non-custodial parents, seeking either an increase or reduction in payments. In reaching this conclusion, we align ourselves with our brethern of the Third Circuit Court of Appeals, who decided the issue similarly in Clooney v. Clooney, 446 So.2d 981 (La.App.3rd Cir.1984).[2]
This assignment of error is without merit.
Plaintiff contends that the child support award of $250 per month is so insufficient as to constitute an abuse of discretion on the part of the trial judge. Durbin v. Durbin, 424 So.2d 1130 (La.App. 1st Cir. 1982).
Unfortunately, due to the incompleteness of the record, we are unable to fairly and *26 completely resolve this issue. Both parties have alluded in their briefs to the absence from the record of their income and expense statements, which were used as a basis for their testimony (and in some instances as a substitute for testimony). From our perusal of the record, it appears that through an apparent oversight, the statements were never formally introduced into evidence.
Due to the absence from the record of these statements, and due to the sparseness of the testimony on facts essential to resolution of the issue, we feel unable to fairly decide the case on the merits. We are aware of the principle that trial court judgments are presumed to be correct and that items of evidence missing from the record, whether through negligence or mere oversight, are presumed to support the trial court’s judgment. Field v. Merrit, 449 So.2d 7 (La.App. 1st Cir.1984); United Pentecostal Church v. Interstate Surplus Underwriters, 368 So.2d 1104 (La.App.2d Cir.1979), writ denied 371 So.2d 621 (La.1979).
However, appellate courts are given the power to remand an action for proper consideration when the record is so incomplete that the court is unable to pronounce definitively on the issues presented or where the parties have failed, for whatever reason, to produce available evidence material to a proper decision. LSA-C.C.P. Art. 2164; Dardar v. Texoma Contractors, Inc., 446 So.2d 890 (La.App. 1st Cir.1984); Crews v. Crews, 432 So.2d 377 (La.App. 1st Cir.1983); Bodin v. Bodin, 392 So.2d 759 (La.App.3rd Cir.1980).
Under the particular circumstances of this case, we feel that the interest of justice requires that the judgment of the trial court as to the child support award be reversed and the case be remanded for a new trial solely on the issue of child support.
For the foregoing reasons, the judgment of the lower court is reversed solely as to the award of child support, and the case is remanded for further proceedings consistent with law and the views expressed here-inabove. Costs of this appeal are to be divided between the plaintiff and the defendant.
REVERSED AND REMANDED.

. The appellate decisions have not been consistent on this issue. Some cases held that a noncustodial parent seeking a reduction in child support payments in a divorce action must prove a change in circumstances. Wasson v. Wasson, 402 So.2d 718 (La.App. 1st Cir.1981); Dugas v. Dugas, 374 So.2d 1278 (La.App.3rd Cir.1979); Vanier v. Vanier, 344 So.2d 1077 (La.App.3rd Cir.1977). Others held that a custodial parent seeking an increased award for child support had no burden to show a change of circumstances. Morrison v. Morrison, 316 So.2d 453 (La.App.3rd Cir.1975); Manuel v. Broderson, 298 So.2d 333 (La.App.3rd Cir.1974); Plauche v. Plauche, 444 So.2d 800 (La.App. 4th Cir.1984). The distinction was justified on policy grounds. Wasson, supra.

. In Clooney, the court held that a custodial spouse in a divorce proceeding must establish a change in circumstances to warrant an increase in child support when support had been determined previously in a separation action.