NORRIS, Judge.
We granted this writ to test the correctness of the trial court’s judgment denying a motion for summary judgment. Because we conclude there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law, we make the writ peremptory, grant the motion and remand the case for further proceedings.
The plaintiff, Charles Louis Wilde, sustained injuries in an automobile accident which was allegedly the fault of defendant Barry A. McMilleon. At the time of the accident, Barry was only 17 years old; Wilde therefore named as defendants Barry’s divorced parents, Christine Harris and Samuel McMilleon, along with their respective insurers. Wilde also named Barry, who by then had attained majority, as a defendant along with his insurer. Early in the proceedings, the trial court granted Samuel McMilleon’s exception of lack of procedural capacity and dismissed him as the administrator of his son’s estate.[1]
Samuel McMilleon and his insurer, Allstate, then brought the instant motion, alleging that he was not vicariously liable under LSA-C.C. art. 2318 for his son’s tort. He filed an affidavit averring that he and his former wife, Mrs. Harris, had been married in 1963 and they had two children by the marriage. He also averred that Mrs. Harris had received a judgment of separation in Morehouse Parish in 1969, wherein she was awarded custody of the children; and that the marriage was terminated by judgment of divorce rendered in an Arkansas chancery court in December 1969. This decree makes no mention of custody. He finally averred that at the time of the accident his son was not living with him and was not under his care and custody., Samuel McMilleon attached a certified copy of the judgment on rule for custody pendente lite dated March 18, 1969 from Fourth Judicial District Court, awarding custody to Mrs. Harris. He also at *553 tached a certified copy of the decree of divorce dated December 10, 1969 from the Chancery Court of Columbia County, Arkansas.
Wilde opposed this motion. He filed the deposition of Mrs. Harris. It stated that the divorce was granted in Morehouse Parish in 1969 and that custody was awarded to Mrs. Harris only “at a later time.” Mrs. Harris was nevertheless clear that the original custody decree in her favor had never been changed or modified. R.p. 347. In his memorandum in opposition to the motion, Wilde contended that Samuel McMil-leon’s affidavit was erroneous for stating that there was a separation in Morehouse Parish. Wilde also argued, with some citation of authority, that the subsequent Arkansas divorce abated the Louisiana proceedings, thereby nullifying the custody award.
Wilde’s legal contention lacks merit. A divorce judgment will only abate the judgment of separation and any issues that are incidental to the separation, such as alimony pendente lite. It does not affect issues that arise from an independent source, such as child support, which arises from the parental duty of support announced in LSA-C.C. art. 227. Lewis v. Lewis, 404 So.2d 1230 (La.1981). Child custody likewise has an independent basis and is not affected by a subsequent divorce decree that is silent on the subject. Howard v. Howard, 409 So.2d 279 (La.App. 4th Cir.1981); Berthelot v. Berthelot, 425 So.2d 985 (La.App. 5th Cir.1983); see also Hewitt v, Hewitt, 486 So.2d 1070 (La.App. 2d Cir.1986). We therefore hold that the Arkansas divorce decree did not abrogate the earlier custody ruling from Louisiana. Custody remained with Mrs. Harris.
Our previous decisions of Hampson v. Hampson, 271 So.2d 898 (La.App. 2d Cir. 1973) and Vetter v. Vetter, 299 So.2d 899 (La.App. 2d Cir.1974), holding that child support and custody awards are automatically abated when a divorce is granted, have been overruled by the change of law announced in Lewis, supra, and we will no longer follow them.
The jurisprudence also clearly states that a valid judgment of custody to one parent legally disrupts the other’s parental authority and transfers the liability of LSA-C.C. art. 2318 to the custodial parent. Frazer v. Day, 307 So.2d 733 (La.1975); Shatoska v. Whiddon, 468 So.2d 1314 (La.App. 1st Cir.1985), writ denied, 472 So.2d 35 (La.1985). The award of custody to Mrs. Harris disrupted Samuel McMilleon’s parental authority and liability for his son’s tort.
The issue is therefore whether the factual inconsistencies between Samuel McMil-leon’s affidavit and Mrs. Harris’s deposition upset the showing that there is no genuine issue as to material fact and that the movers are entitled to judgment as a matter of law. LSA-C.C.P. art. 966. The movers have the burden of establishing that no material factual issue exists; they must meet a strict standard of clearly showing what the truth is, to the exclusion of any real doubt. The papers supporting the movers’ position are closely scrutinized while the opposing papers are indulgently treated. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981); Ledbetter v. Myers, 438 So.2d 700 (La.App. 2d Cir.1983). Any reasonable doubt must be resolved against the granting of a summary judgment. Walker v. Graham, 343 So.2d 1171 (La. App. 3d Cir.1977), writ denied, 346 So.2d 213 (La.1977).
We have closely scrutinized the papers in favor of the motion. They plainly allege facts which, under the law previously discussed, would absolve Samuel McMil-leon of vicarious liability for his son’s tort. By a judgment on rule, custody of Barry was awarded to Mrs. Harris, and the subsequent divorce did not alter this. The alleged inconsistency between a judgment on rule for custody, as proved by the court documents, and Samuel McMilleon’s reference to a judgment of separation that awarded him custody is illusory: either way, a valid judgment gave custody to Mrs. Harris. Significantly, Mrs. Harris admits that she received custody in a proceeding in Morehouse Parish and that it was never taken away from her. This discrepancy is *554 not one of material fact because both sides 'agree on the essential facts that absolve Samuel McMilleon under the law of Lewis v. Lewis, supra, Howard v. Howard, supra, and Frazer v. Day, supra.
We are therefore constrained to conclude that the movers, Samuel McMilleon and Allstate, have met their burden of proving by the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, that there is no genuine issue of material fact as to who had the care, custody and control of the minor at the time of the alleged tort. The judgment on rule for custody pendente lite was still in effect on the date of the alleged tort, unaffected by the subsequent Arkansas divorce. Samuel McMilleon is therefore not vicariously liable for Barry McMil-leon’s alleged tort.
The writ is made peremptory. The motion for summary judgment is granted dismissing the suit as to applicants Samuel Barry McMilleon and Allstate. The case is remanded for further proceedings in accord with this opinion. Costs are assessed to the respondent, Charles Louis Wilde.
WRIT MADE PEREMPTORY; MOTION GRANTED, AND CASE REMANDED FOR FURTHER PROCEEDINGS.

. The court’s reasons were substantially the same as those employed in this opinion to sustain Mr. McMilleon’s motion for summary judgment.