566 So.2d 1350 (1990)
Johnny Paul WALKER, Jr., Appellant,
v.
Melody Langley WALKER, Appellee.
No. 90-237.
District Court of Appeal of Florida, First District.
September 12, 1990.
*1351 James W. Middleton, P.A., Fort Walton Beach, for appellant.
Mark D. Davis of Ramey & Davis, DeFuniak Springs, for appellee.
NIMMONS, Judge.
The former husband appeals the trial court's entry of final judgment of divorce, contending that the trial court should have refrained from ruling, in light of prior separation and divorce proceedings in Louisiana. We agree and reverse.
The parties lived in Louisiana with their two daughters (born in November 1981 and June 1984) from November 1987 to July 1988, when the wife and the children moved to Walton County, where they resided at the time of the final hearing in the instant case. Appellant remained in Louisiana.
In December 1988, in an action filed by the appellee earlier that year, a "judgment of separation," obtained by appellee *1352 but based upon agreement of the parties, was entered in a Louisiana court in Case No. 41,844. This judgment (which recited that both parties were present at the final hearing with their attorneys) declared a separation between the parties (on the basis of the "mutual fault of both parties").[1] The judgment further recited that the parties were granted joint custody of the children with primary residence with appellee and reasonable visitation for appellant. Appellant was directed to pay child support in the amount of $200 per child, per month. Provisions were also made regarding the parties' property.
In August 1989, appellee filed a petition for dissolution of marriage in Walton County. Three weeks later, appellant filed a motion to dismiss, asserting that Case No. 41,844 was still pending, that all issues except the actual dissolution of marriage had been determined and were therefore res judicata, and that "the actual divorce between the parties is an active and pending case." Appellant subsequently filed in September 1989, a petition for absolute divorce in the same Louisiana court in Case No. 43,909. In November 1989, the Louisiana court granted a "judgment of absolute divorce" which did not address, or retain jurisdiction to address, any other subjects. The judgment recited that both parties were represented by counsel at the final hearing.[2] Appellant filed a certified copy of this judgment with the trial court in the instant case and moved for dismissal on the ground that no further issues remained to be litigated. This motion was also denied.
At hearing in December 1989, the Walton County Circuit Court entered a final judgment of dissolution. This judgment of dissolution points out that the Louisiana judgment of absolute divorce fails to incorporate or refer to the separation judgment which had been entered in a different case number. The trial court adjudicated the property rights of the parties, including awarding $650 per month child support based upon Florida's Child Support Guidelines. The court also ordered shared parental custody with appellee's home as the primary residence of the children, and set a visitation schedule. The court did not award alimony but reserved jurisdiction over the issue.
In a Florida proceeding in which the effect of a judgment of dissolution from another state is at issue, the general rule is that in the absence of a showing to the contrary, the trial court is to presume that the law of the foreign state is the same as that of Florida. Collins v. Collins, 160 Fla. 732, 36 So.2d 417 (1948); Morin v. Morin, 466 So.2d 1255 (Fla. 2d DCA 1985); Coyne v. Coyne, 325 So.2d 407 (Fla. 3d DCA 1976). In the instant case the trial court was not provided with any evidence of Louisiana law, although counsel for appellee suggested at the final hearing that the reference to "mutual fault" in the judgment of separation would disqualify appellee from alimony under Louisiana law.
The judgment of absolute divorce entered in Louisiana is entitled to full faith and credit in Florida. Dusesoi v. Dusesoi, 498 So.2d 1348 (Fla. 2d DCA 1986); Overly v. Overly, 66 So.2d 706 (Fla. 1953). A final judgment of divorce is res judicata as to all property rights of the parties which could have and should have been adjudicated in that proceeding. Davis v. Dieujuste, 496 So.2d 806 (Fla. 1986). In Davis the court stated:
[W]here a trial court has acquired jurisdiction to adjudicate the respective rights and obligations of the parties, a final judgment of dissolution settles all such matters as between the spouses evolving during the marriage, whether or not these matters were introduced in the dissolution proceeding, and acts as a bar to any action thereafter to determine such rights and obligations.
Id. at 809, 810.
Where a final judgment of divorce does not award alimony or retain jurisdiction *1353 to do so, the court may not subsequently award alimony. Amend v. Amend, 341 So.2d 1038 (Fla. 4th DCA 1977). Accordingly, in the instant case the court should not have adjudicated the property rights of the parties or reserved jurisdiction to award alimony.[3]
The above-stated rule does not, however, apply to an award of child support, which is an obligation that the parties owe to their children rather than to each other. Amend, supra; Cross v. Cross, 490 So.2d 958 (Fla. 1st DCA 1986); Armour v. Armour, 377 So.2d 798 (Fla. 1st DCA 1979). The question, therefore, is what effect the Louisiana judgment of absolute divorce, in conjunction with the earlier judgment of separation, has upon the issues of child support and custody. This analysis is complicated by the fact that Florida law does not provide for anything directly comparable to the judgment of separation, although Sections 61.09 and 61.10, Florida Statutes both provide for actions to require a still-married spouse to support his family. It is therefore helpful to examine Louisiana law, even though Florida law is applicable to this proceeding.
Under Louisiana law, where a judgment of separation awarding child support is followed by an absolute divorce judgment which is silent as to child support, the child support award remains intact. Lewis v. Lewis, 404 So.2d 1230 (La. 1981). The Lewis holding is based upon the rationale that the parents' obligation to support their children has an independent legal basis and "cannot be identified with the subject matter of the divorce or separation suit or be considered incidental to it." Lewis at 1234. This is consistent with the Florida case law cited supra to the effect that the obligation to pay child support is an obligation independent of the parents' obligations to each other.
Since Lewis, the Louisiana courts have found that where the amount of child support has been set by judgment of separation or otherwise prior to the divorce action, the court may not award a different amount in the divorce decree unless a change of circumstances justifying modification is shown. Sanford v. Sanford, 468 So.2d 844 (La. App. 1st Cir.1985); Clooney v. Clooney, 446 So.2d 981 (La. App. 3d Cir.1984) (Doucet, J., with two judges concurring in the result). Accordingly, we adopt the Louisiana courts' rationale that the Louisiana judgments established a level of child support which was res judicata upon the parties and could be amended only through showing grounds for modification. Appellee did not attempt to demonstrate a change in circumstances, and the trial court therefore erred in revisiting the amount of the child support.
The Louisiana courts have also concluded that the Lewis rationale applies to custody determinations. Fournier v. Fournier, 475 So.2d 400 (La. App. 1st Cir.1985); Parker v. Parker, 432 So.2d 1010 (La. App. 1st Cir.1983); Howard v. Howard, 409 So.2d 279 (La. App. 4th Cir.1981). Accordingly, we also find that the trial court erred in adjudicating custody rights of the parties.[4]
*1354 In sum, we find that, in the absence of a proper application for modification, the trial court was not authorized to rule upon any of the issues between the parties. We therefore reverse and remand with directions to vacate the final judgment.
ALLEN, J., concurs.
WENTWORTH, J., dissents with written opinion.
WENTWORTH, Judge, dissenting in part.
I would conclude (1) that the manifestly altered circumstances of the parties recited in the judgment appealed permit affirmance of the provisions with respect to child support and custody as a modification of the Louisiana separation order, even assuming (without deciding) that the latter order survived the unappealed final divorce decree in that state; and (2) that appellant shows no reversible error on other grounds as to those issues, including allegations as to compliance with section 61.1302-61.1348, Florida Statutes. I agree to reversal of the remaining portions of the judgment for the reasons stated by the majority.
NOTES
[1] Under Louisiana law, the parties were required to wait for at least six months from the separation judgment before being able to obtain a divorce.
[2] The jurisdiction of the Louisiana court over the parties and the marriage has apparently never been challenged.
[3] Binger v. Binger, 555 So.2d 373 (Fla. 1st DCA 1989), relied upon by the trial court and appellee, is distinguishable. In Binger, the husband filed for divorce in Missouri. The wife filed a petition for dissolution of marriage in Florida. The Missouri court ruled that it had jurisdiction over the res of the marriage but lacked jurisdiction over the wife's person. The Florida court found that it had jurisdiction over the marriage and the parties. The Missouri court entered a decree of dissolution in January 1987, and in July 1987, the Florida court dissolved the marriage in reliance upon the Missouri judgment and adjudicated the alimony and property rights of the parties. In addition to holding that the Missouri divorce decree did not divest the Florida court of jurisdiction over the appellant husband, we pointed out that the Missouri judgment was not res judicata on property and alimony issues because the Missouri court could not (and did not) adjudicate those issues. In the instant case, on the other hand, it does not appear that the jurisdiction of the Louisiana court over all issues relating to the marriage has ever been questioned.
[4] If jurisdictional prerequisites are met, a party is entitled to seek modification, in a Florida court, of out-of-state custody and child support decrees. Morin v. Morin, 466 So.2d 1255 (Fla. 2d DCA 1985); Sections 61.1308, 61.133, 61.14.

We note that custody has apparently not been a subject of controversy between the parties, and that, other than setting a specific visitation schedule, the judgment in the instant case did not as a practical matter alter the children's circumstances. Our disposition of this case renders it unnecessary to consider appellant's argument that the trial court failed to comply with the Uniform Child Custody Jurisdiction Act, Sections 61.1302-61.1348, Florida Statutes.